## Lawrence Brewer v. Chauncey B. Palmer.

*School districts — their consolidation — former debts.*—Where two school districts are united, in pursuance of the statute, (1 *C. L.*, §2335,) the district so formed is alone liable for all the prior debts of each.

Accordingly, where school district number five was attached to district number two, and a judgment having been subsequently obtained against the former, the township supervisor refused to assess the amount of the same against the property of number five; — *Held*, That said judgment was a nullity, and that the supervisor was not liable, for refusing to make said assessment.

*Heard. October 20,* 1864.    *Decided January 28.*

Error to Van Buren Circuit.

This was an action on the case brought against the defendant, as township supervisor, for refusing to assess upon the taxable property of school district number five, in the township of Almena, the amount of a judgment, which the plaintiff had recovered against said district.

The case was tried by the Court, without a jury, and the finding and judgment were as follows:

"*First.* That for a long time previous to, and up to May 16th, 1857, there was existing, and · organized, a school district, in the township of Almena, in the county of Van Buren, organized, and distinguished as school district number two, of the township of Almena; and that, on said 16th day of May, 1857, the school inspectors of said township formed, out of a part of the territory of said district, a new . district, and named, and numbered it district number five, of the township of Almena.

"*Second.* That such proceedings were thereafter had,

that said district number five was organized, in the year 1857, and a moderator, director, and assessor elected, each of whom accepted office, in writing.

"*Third.* That a school-house was erected in such new district, and a public school kept therein; and that afterwards, and on the 3d day of July, 1858, the school inspectors of said township, by a resolution, to take effect from and after the 1st day of September, 1858, attached said new district number five to said district number two, thus giving to district number two the same territory it possessed before the formation of said district number five.

"*Fourth.* That the now plaintiff caused to be issued, out of this Court, in his favor, a summons, dated the 20th day of December, 1858, and against school district number five, of the township of Almena, which was returned by the under-sheriff; that on the 23d day of December, 1858, he did serve the same on said school district, by showing to Horace Dyer, the assessor of said school district, said summons, with the seal of the Court impressed thereon, and at the same time, leaving with him, the said Horace Dyer, assessor as aforesaid, a true and correct copy of said summons, duly certified; that there was no appearance on the part of said defendant, or supposed school district, though the said summons was returned, and filed on the return day thereof, being the 4th day of January, 1859; that at the April term of said Court for the year 1859, and on the 6th day of April, 1859, the said Court gave judgment, in the cause so instituted, in favor of said plaintiff, against school district number five, of the township of Almena, for want of appearance, and plea, for $400, and costs, $20.85; and that said judgment has never been appealed or altered, nor the whole, or any part of it, paid, and remains as when given.

"*Fifth.* That a certificate to the supervisor was

never made by any assessor, as directed by statute; that the defendant was supervisor of the township of Almena, from the annual township election of 1861, until the annual township election for 1862; that the plaintiff obtained from the clerk of this Court a certificate of the judgment, as provided by law, and on the 18th day of October, 1861, personally served the same on the defendant; that the map, showing the boundaries of school districts in Almena, filed with the defendant, as supervisor for 1861, showed no district number five, in said township, and that no other map was filed with him.

"*Sixth.* That the defendant neglected and refused to proceed to assess the amount of said judgment, or any part thereof, on any taxable property in the township of Almena.

"And as a matter of law, that the plaintiff is not entitled to recover, and that judgment be rendered in favor of the defendant, and against the plaintiff, and that the defendant recover his costs of this suit to be taxed."

*S. T. Douglass*, for plaintiff, cited the following authorities: *Waldron v. Lee*, 5 *Pick.*, 323; *Blackstone v. Taft*, 4 *Gray*, 250; *Grant on Corp.*, 620–22; *School Dist. No. 3 v. Macloon*, 4 *Wis.*, 79; *Tucker v. Wentworth*, 25 *Maine*, 393; *Kingman v. School Dist. No. 13*, 2 *Cush.*, 426.

*C. I. Walker*, for defendant in error:

I. There is no question but what the school inspectors had power, under the general provisions of the statute, authorizing them to divide the townships into school districts, and to regulate and alter the boundaries of the same, as circumstances shall render proper, to re-annex district number five to district number two. This is clear from the statute, and has thus been decided

by this Court. — *People v. Davidson*, 2 *Doug.*, (*Mich.*,) 121.

II. The effect of the dissolution of district number five was, to extinguish its debts, whether due to or from it, and render it impossible to maintain any suit against it. For all such purposes, it was as if it had never existed. — *Angel & Ames on Corp.*, 160, 750; *Mumma v. Potomac Co.*, 8 *Peters*, 281; *Bank of Miss. v. Wrenn*, 11 *Miss.*, 791; *Read v. Frankfort Bank*, 23 *Me.*, 418; *Wilcox on Corp.*, 325.

Although the authorities relate more especially to private corporations, the same principles must necessarily apply to municipal corporations. They cannot be extinguished for one purpose, and continued in existence for another, except under some special provisions of the statute, such as apply to private corporations under our own law. — 1 *Comp. Laws*, §2150.

CAMPBELL J.:

Plaintiff sued defendant for neglecting, as supervisor, to levy a tax on the district formerly known as school district number five, in the township of Almena, in Van Buren county. This district had once formed a part of school district number two, and was, in September, 1858, attached again to that district, which retained its number as before. The suit, on which judgment was obtained against school district number five, was commenced in December, 1858, by service upon the proper officer, if one existed, and judgment was taken by default. Judgment was given, in this cause, for the defendant, on the ground that district number five had ceased to exist.

The power which was formerly, in *People v. Davidson*, 2 *Doug.*, (*Mich.*,) *R.*, 121, said to have been implied in the board of inspectors of each town, to combine school districts, was afterwards granted expressly by Section 2335 of the Compiled Laws, which was in force when

the action of the town authorities of Almena was had, in uniting the districts referred to. By that action, the territory was all made to embrace but one district. The statute is very clear upon this point. But the question whether, by the change of limits, either of the old organizations became entirely extinct for all purposes, is one of some importance. It is difficult to maintain that the Legislature could have designed to extinguish all claims, which had arisen upon the faith of a corporate authority in the old districts; and it may, perhaps, be questioned, whether such impairing of contracts could be lawfully permitted by the Legislature, to be accomplished ' at the uncontrolled discretion of town officers. We are not at liberty to assume that any such result should be accepted, without a strict necessity for such a conclusion.

The only statutory provisions expressly referring to changes in the boundaries of districts, apparently refer to partial changes, although the language may admit of a broader application. But we may, at least, derive from these provisions some light upon the character of these corporations. And, when we consider that the power to combine districts was originally derived from the expressed power to change and regulate boundaries, there is reason to believe that these provisions were meant to reach all cases. When any change is made, by adding to one district any part of another, that district which retains the school-house of the divided district, is made liable to refund to the portion set off from it, the proportion of the latter in the value of the property retained, less its proportion of debts, which were chargeable upon the whole district, as it was before division. In other words, it is evident that the district retaining the school-house is the corporation liable for the debts, and retains the entire corporate rights and powers. And where this district has, at the same time,

BREWER v. PALMER.

been augmented from another, the district, as augmented, obtains these rights, and incurs these obligations. — See *Comp. Laws*, §2318, §2321. When two districts are annexed, without any other change in their boundaries, the mere fact that one number is preferred to another, does not change the real character of the annexation. Applying the rules just referred to, it will be seen at once that the debts of both districts, and the credits of both, would unite in the newly-formed district. To this extent, the statutory provisions may apply without difficulty. And, in the absence of any statutory provision for any different rule, we think the entire district, as a district, must be held responsible for the debts of both, as it receives the property of both. There may be equitable reasons why old debts should be charged upon the separate lands of the old districts, but we cannot, without a statute, undertake to regulate these equities. And we have no doubt that the union of districts is to be considered, under the statute, a consolidation of the former corporations, and not the annihilation of one or both. The suit against school district number five was improperly brought, because no such district remained as a separate organization. The suit should have been against the consolidated district, as succeeding to the liabilities of its parts. The judgment being a nullity, the supervisor was not bound to regard it. The Court below, therefore, did not err in refusing to hold him responsible for declining to levy the amount by tax.

Judgment must be affirmed, with costs.

The other Justices concurred.