## Harrison Halbert v. School Districts Numbered 2, 3, and 5 in the Township of Watertown.

*School districts: New districts: Parceling out territory: Joint liability for debts.* Where a school-district is parceled out among three other existing districts, the latter cannot be held jointly liable for a debt of the former district; whatever they are bound to pay must be a several, and not a joint obligation.

*Submitted on briefs April 18. Decided April 24.*

Error to Clinton Circuit.

*H. & H. E. Walbridge,* for plaintiff in error.

*R. Strickland,* for defendants in error.

CAMPBELL, J:

Plaintiff sued the three school districts named as defendants, as jointly liable upon a debt of a formerly existing district, number seven, which was extinguished by dividing up its territory among the three named.

Where the territory of a school district is absorbed by other districts, the statute contemplates that the township board of school inspectors shall make an equitable adjust-

ment of property and debts so as to apportion them fairly among the districts which have succeeded to the jurisdiction of that which has been divided.—*C. L.*, §§ *3644, 3645, 3646.* How far this may have been attempted in the present case we are not informed, nor can we now discuss the completeness or efficiency of the statutory proceeding to reach the equities of these parties. The only question before us is, whether a joint action lies against defendants for the debt of the dismembered district.

The court below held there was no such liability. This holding was correct. There is no legal identity or corporate succession between the various bodies, out of which a joint obligation can be made to arise. Where one district is made up out of two entire districts, it is clear enough that it must succeed to their rights and liabilities, because no part of their territory is left out from it, and there is nothing to apportion.—*Brewer v. Palmer, 13 Mich. R., 104.* But where one is parceled out among three other existing districts, the amount which should properly fall to each of them out of the property, and the amount each should bear of the debts, depends partly on the valuation of the taxable property divided, and partly on the location of the school-house, according as it is retained or sold. There is no presumption that they will be on exactly equal footing; and even if this were assumed, there is no law making them jointly interested, or jointly responsible. Whatever they are bound to pay must be a several, and not a joint obligation.

We can find no support for an action like the present. The judgment must be affirmed, with costs.

The other Justices concurred.