JAMES D. TURNBULL, RELATOR V. BOARD OF EDUCATION OF
ALPENA TOWNSHIP.

*Municipal corporations—Payment of school district debts after other districts
have been made up from its territory.*

Where a school-district has been subdivided and other districts set off, the
debts of the original district cannot be parcelled out among all by a
proceeding in the courts so as to give creditors a remedy against any
but the original debtors: *Maltz v. Board of Education* 41 Mich. 547.

A municipal corporation remains liable upon a debt which it has created, notwithstanding a subsequent change in its corporate limits. If contribution is required from territory set off from it, the corporation must obtain it, and not the creditors, unless otherwise provided.

Mandamus lies to compel a school-district to pay orders issued by it, even though the district has since been subdivided, where statutory provision for distributing the original liability has not been carried out.

*It is suggested* that statutes passed to enable the debt of a municipal corporation to be distributed on the subdivision of the corporation, should provide that a failure to assign its share to each subdivision at the time appointed by the statute, shall not impair the right to do so afterward, and that full provision should be made for that purpose; if this is not done further legislation may be required.

Interest upon orders issued by a school-district is denied on granting a mandamus to compel their payment if no authority has been given to impose it.

Costs on granting a mandamus to compel the payment of orders issued by a school-district were denied where the case involved new questions.

Mandamus.   Submitted Jan. 27.   Granted Jan. 28.

*J. C. Shields* for relator.

*J. D. Holmes* for respondent.

CAMPBELL, J.   Relator asks for a mandamus to compel respondent to provide for the payment of certain orders issued by Union School-District No. 1 in the township of Alpena, for various lawful purposes, before the division of that district took effect.

Originally, and when these orders were issued, that district embraced the townships of Alpena, Wilson and Long Rapids.   In 1877 various statutes were passed which were identical in all important respects so far as this proceeding is concerned, whereby it was provided that the territory in Wilson and Long Rapids should be set off so that each of those townships should be made a separate school-district. Acts 356, 358 and 362, Loc. Acts 1877, pp. 486, 491, 500.

The language in each of the statutes relating to Wilson and Long Rapids, was that " the territory embraced within the township [of Wilson and Long Rapids] in the county of

Alpena, be and the same is hereby set off from Union School-District number one of the township of Alpena, and declared to be a single school-district, which shall be a body politic," etc.

The statutes then proceed to give corporate powers, and provide in the usual manner for all matters relating to the corporate welfare. The complete organization was to take place in April, 1878, on the 3d Monday in April. By section 7 of each act it was provided that each of the corporations thus set off should provide for and pay to Union District number one of Alpena a proportion of the indebtedness of the old district in accordance with the assessed valuation of property on the equalized assessment roll for 1877, and be entitled to credits in proportion to their share of the unexpended funds or taxes belonging to the old district on the 3d Monday of April, 1878, to be determined according to the same standard of the assessment roll of 1877. All school property was to belong to the district in which it was situated, but the division of such property was to be allowed according to the same basis as the debts and credits.

Union School-district number one in Alpena was made liable for all the debts and liabilities of the whole district as before existing, and was entitled to receive from the new districts payment of their respective shares as determined in the manner already pointed out.

In order to adjust these amounts the various acts in identical terms required the official representatives of all three of the districts to meet in April, 1878, on Tuesday after the 3d Monday of April at the township clerk's office in Alpena and make a final adjustment of all matters on the basis prescribed. All the papers, books and records of the district were to remain with respondent, the name being changed to "The Public Schools of the Township of Alpena." The only objection regularly presented on the record is that the present respondent cannot be held for this indebtedness because it has not been provided with means from the other districts to pay their share. The return avers that the assignment provided for by the acts of 1877 was never made.

We do not think this makes any difference. The respondents are in law the same corporation as the old and larger district. The only effect of these acts was to detach certain lands from the district, but not to change its corporate identity. We have already disposed of this question in *Maltz v. Board of Education of Wilson Township* 41 Mich. 547, in which we held that the debts could not be parcelled out in a proceeding in the courts, so as to give creditors a remedy against any but the present respondents. A debt once existing must remain a debt against the corporation that created it, and its obligation is not destroyed by a change in corporate limits. If contribution is required, it must be obtained by the corporation and not by its creditors, unless otherwise provided by law.

It is unfortunate that the various boards did not perform their statutory duty, and adjust these matters on the equitable basis provided by the laws under which they organized. It was distinctly enjoined on them as their first duty after organizing.

As it is now, it is desirable if not absolutely necessary that further legislation be had for accomplishing this result. These adjustments cannot be made satisfactorily by any of the ordinary judicial machinery, and should be arranged by the local authorities. The basis of their action is so well defined that they can hardly go astray when they have once ascertained the items of property and accounts to be compared. Some of the difficulties attending this subject were referred to in *Brewer v. Palmer* 13 Mich. 104, where the identity of the district had been entirely destroyed.

We venture to suggest that while it is wise to prescribe times for such action, the statutes should also provide that a failure at the appointed time shall not defeat or impair the right to have it attended to afterward; and that full provision should be made of means for that purpose.

The relator is entitled to a mandamus as prayed to provide for payment of the amount of his orders. We do not discover any authority to impose interest, and that is denied. The case is a new one in some of its features, and we impose no costs.

COOLEY and GRAVES, JJ. concurred.