LIVINGSTON v. SCHOOL DIST. No. 7 OF BROOKINGS CO. *et al.*

Where, after a school district has issued bonds for the erection of a school
    house, part of its territory is made into new districts, under a general
    law which does not expressly provide that the new districts shall be li-
    able for a proportionate share of the debts of the old district, neither
    the old district nor a creditor thereof can enforce against the new dis-
    tricts a liability on such bonds; especially where the school house re-
    mains in the old district.

(Opinion filed July 18, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action on a school district bond. From an order sustain-ing a demurrer to the complaint, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Cheever & Hall* and *Geo. W. Case*, for appellant.

The variance between the denomination provided for in the special act, and in the bond issued, was immaterial, and could not increase or diminish or in any manner affect liability of defendant. Town of Solon v. Bank, 21 N. Y. 171; Bank v. City of Omaha, 18 N. W. 63; Yesler v. City of Seattle, 25 Pac.

1015; Atchinson v. DeKay, 13 Sup. Ct. Rep. 706, 148 U. S. 591. Where a municipal corporation has been empowered by law to issue bonds, and through its agents or officers has made such bonds, any error or irregularity in the issue is unavailable against an innocent holder for value. Com'rs v. Aspinwall, 24 How. 539; Moran v. Com'rs, 2 Black 722; Bissell v. Jeffersonville, 24 How. 287; Town of Lyons v. Chamberlain, 87 N. Y. 587; Town of Solon v. Bank, *supra*; Burroughs on Pub. Sec., §§ 37 and 44; Curtis v. Butler Co., 24 How. 435; Hoag v. Town of Greenwich, 30 N. E. 844. The purchaser is not bound to go behind the recitals in the bond to inquire whether the amount of the indebtedness exceeds that authorized by law. 15 Am. & Eng. Encyc. of Law, 1304; Sherman Co. v. Simons, 109 U. S. 735. See, also, 1 Dill. Mun. Corp., § 513; Coler v. Rhoda Sch. Twp., 6 S. D. 640, 63 N. W. 158; Pendleton Co. v. Amy, 13 Wall. 297; Town of Colona v. Eaves, 92 U. S. 484; Mercy v. Twp. of Oswego, Id. 637; 15 Am. & Eng. Encyc. of Law, 1299 and 1304; Humboldt Twp. v. Long, 92 U. S. 642; Burroughs on Pub. Sec. § 43. The distinction between total lack of power of a municipal corporation and an irregular exercise thereof is made in the following cases: Nat. Tube Wks. v. City of Chamberlain, 5 Dak. 60; Moore v. Mayor, 73 N. Y. 238; Board v. Railroad, 47 Ind. 403. See, also, McGuire v. Rapid City, 6 Dak. 352; Hoag v. Greenwich, *supra*; Barnsboro v. Evans, 17 A. (Pa.) 678. The power to levy a special tax on the property within the municipality subject to taxation, sufficient to pay the principal and interest on municipal bonds, cannot be taken away or substantially impaired. 1 Dill. Mun. Corp. § 173; U. S. v. Jefferson Co., 1 McCrary C. C. 356. See, also, Beckwith v. Racine, 7 Bissell 142; Mt. Pleasant v. Beckwith, 100 U. S. 514; Bates v. Gregory, 26 Pac. 791; Broughton v. Pensacola, 93 U. S. 266; Bradish v. Lucken, 26 N. W. 454; Hill v. City of Kahoha; 35 F. 22; Board v. Thompson, 61 F. 914; Plunkett Twp. v. Crawford, 27 Pa. St. 107; City of Winona v. School Dist. 41 N. W. 542.

*John C. Jenkins*, for respondents.

Even if the bond be valid these respondents are not liable. Hughes v. Ewing, 28 Pac. 1067; Dill. Mun. Corp. (3rd Ed.), §§ 85, 171 and 188; Broughton v. Pensacola, 93 U. S. 266; Maltz v. Board, 49 N. W. 920; Washington Co. v. Weld Co., 20 Pac. 273; Laramie Co. v. Albany Co., 92 U. S. 307; Town v. Town, 31 Wis. 120; Mt. Pleasant v. Beckwith, 100 U. S. 514; 15 Am. & Eng. Encyc. of Law, 1023; City of Winona v. School Dist., 41 N. W. 542; Trumbull v. Board, 8 N. W. 65.

CORSON, P. J. This is an action on a school district bond for $1,400, issued by school district No. 7, Brookings county. A demurrer was interposed to the complaint by school district No. 7, which was overruled. A demurrer was also interposed by the other nine defendants jointly, on the ground that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was sustained, and from the order sustaining it the plaintiff appeals.

The complaint is exceedingly lengthy, but a very brief synopsis will suffice to present the questions to be determined on this appeal. It is alleged that in 1878 school district No. 7 was organized, embracing about 46 government sections; that on February 22, 1879, the territorial legislature passed an act authorizing the district school boards of any school district in the counties of Minnehaha, Brookings Moody and Lake to issue bonds under certain conditions therein specified; that under the authority of that act school district No. 7 issued the bond in suit, for the erection of a school building. It is then alleged that subsequently to the execution and negotiation of said bond the other 9 school districts were organized, each of which took in a portion of the territory of school district No. 7, leaving that district with only about 10 sections, instead of its original 46 sections. The boundaries of these various districts are fully given. Then follows this allegation: "That the defendant school district No. 7 of Brookings county

remains the same original obligor and maker of said bond and interest coupons as a municipal corporation, with its territory so diminished by the creation and organization of the other defendants hereinbefore mentioned, and the changes made by law in its corporate capacity and name, and has retained all the lands, territory and taxable property within its corporate limits which originally existed at the time of the execution of said bond and coupons, excepting such as has been acquired by said other defendants, as hereinbefore mentioned; that no adjustment, equalization, or apportionment of the said debt created by said bond and coupons has ever been made or had between defendants, or any of them, in any manner, or by any county superintendent, board of county commissioners, or any other persons or body." The complaint concludes with a demand for judgment against all the defendants for the amount due upon said bond, interest and costs, and "that defendants be required to levy taxes, and pay said bond and interest, pursuant to the provisions of said act." Section 3 of the act of 1879, referred to, reads as follows: "The board of trustees or board of education of any school district, in said counties, issuing such bonds, shall, on or before the first day of April, next after the date of such bonds and each year thereafter, on or before the first day of April, until the payment of such bonds and interest is fully provided for, levy, and in due form certify to the register of deeds of the county in which such district is situated, a tax upon the taxable property of such district equal to the amount of the principal and interest maturing next after such levy, and in the discretion of the board such further sum as it shall deem expedient not exceeding twenty per cent of such maturing bonds and interest, which tax shall be paid in money, and shall constitute a fund for the payment of such bonds and the interest thereon and shall be used for no other purpose until the bonds and interest are fully paid."

It is contended by the learned counsel for the plaintiff and appellant that, inasmuch as the school districts, other than No.

7, made defendants, have taken a part of the territory embraced within district No. 7 when the bond was issued, they are liable for the payment of their respective proportions of the amount of said bond and interest, and their complaint was drawn upon that theory. The learned counsel for the respondents contends, however, that plaintiff's claim is only against school district No. 7, and that without some act of the legislature making the other school districts liable for some part or proportion of the indebtedness of district No. 7, no action can be maintained against them. In this contention we are of the opinion that the counsel for respondent is correct. School districts, like towns and counties, are organized and exist for governmental purposes, and are entirely under control of the lawmaking power. The legislature may make such provisions for dividing, taking from, or adding to such public school corporations territory, or parts thereof, as it may deem proper, and it may impose upon the segregated portion such liability for the debts of the corporation as, in its judgment, may be equitable and just, or it may refrain from imposing any liability whatever upon the segregated portion. In short, school districts are subject to such legal obligations and duties as the legislature, from which they derive all their powers, may impose, not inconsistent with the organic law. In the very early case of Windham v. Portland, 4 Mass. 389, the supreme court of Massachusetts, in speaking of a town said: "If a part of its territory and inhabitants are separated from it by annexation to another, or by the creation of a new corporation, the former corporation still retains all the property, powers, rights and privileges, and remains subject to all its obligations and duties, unless some new provision should be made by the act authorizing the separation." Hampshire v. Franklin, 16 Mass. 86; Medford v. Pratt, 4 Pick. 222; School Dist. v. Richardson, 23 Pick. 62; Laramie Co. Com'rs v. Albany Co. Com'rs, 92 U. S. 307; Hughes v. Ewing (Cal.), 28 Pac. 1067; Town of Dupere v. Town of Bellevue, 31 Wis. 120; Dill Mun. Corp. (3d Ed.) § 188;

Mt. Pleasant v. Beckwith, 100 U. S. 514; 15 Am. & Eng. Ency. Law 1023; City of Winona v. School Dist. No. 82 (Minn.), 41 N. W. 542; Washington Co. v. Weld Co. (Colo. Sup.), 20 Pac. 273; Turnbull v. Board of Education (Mich.), 8 N. W. 65. And the same principle has been applied to counties. Laramie Co. Com'rs v. Albany Co. Com'rs, *supra.* That case presented a state of facts quite similar to the case at bar. Laramie county, in Wyoming, was organized in 1863, and had incurred heavy expenses in conducting its county affairs up to 1868, when two new counties were created out of the western part of the old county, reducing it to about one-third of its former size, and absorbing a large share of its taxable property and business. An action was brought by the old county to recover a part of the indebtedness incurred before the new counties were created. The supreme court held it could not recover, and said: "Regulation upon the subject may be prescribed by the legislature, but if they omit to make any provision in that regard the presumption must be that they did not consider that any legislation in the particular case was necessary. Where the legislature does not prescribe any such regulations the rule is that the old corporation owns all the public property within her new limits, and is responsible for all debts contracted by her before the act of separation was passed. Old debts she must pay, without any claim for contribution; and the new subdivision has no claim to any portion of the public property except what falls within her boundaries, and to all that the old corporation has no claim. North Hempstead v. Hempstead, 2 Wend. 134; Dill. Mun. Corp. § 128; Wade v. City of Richmond, 18 Grat. 583; Higginbotham's Ex'x v. Com., 25 Grat. 633." In Mt. Pleasant v. Beckwith, 100 U. S. 514, the same doctrine was adhered to, though in that case a different principle was applied to the facts in an equitable action, as the whole territory of the old town passed to the new corporation. Three of the judges, however—MILLER, FIELD and BRADLEY—dissented, holding that "it requires legislation to make a legal obligation against the

new town, and make the apportionment of the debt." Without taking time to further discuss a principle seemingly so well settled, and assuming that the same principle applies to school districts, for we can see no distinction between counties, towns, and school districts in the application of the doctrine above set forth, we will proceed to examine the case before us.

There seems to be no question as to the legality of the formation of the several school districts made defendants herein, and, as we understand counsel, there is no claim that in the school laws under which these districts were created there was any express provision imposing upon the newly created districts any liability for the indebtedness of the old Seventh district. In fact, it is alleged that the old district "remains the same original obligor and maker of said bond, as a municipal corporation, with its territory so diminished by the creation and organization of the other" districts, and has "retained all the lands, territory and taxable property within its corporate limits," except, etc., and "that no adjustment, equalization, or apportionment of the said debt * * * has ever been made or had between defendants, or any of them." While it is not so stated in the complaint in terms, we may safely conclude that the school house, for the erection of which the bond was issued, still remains as a part of the property of district No. 7. As we have seen, without some express legislation imposing a liability upon the new districts, they cannot be held liable at law for the debts of the old district, and certainly there are in this case no equitable grounds alleged for imposing a liability for the debt of the old district upon the new. When the inhabitants of the new districts ceased to receive benefits from the school building in the old district, and were compelled to provide new buildings for themselves, they, in justice, were entitled to be relieved from liabilities incurred by the old district for school buildings no longer of any use to them. As between themselves, therefore, there was no liability for which the new districts could be held. But it is contended that it is a creditor

who insists upon holding the new districts liable, and that he stands upon different ground than that occupied by district No. 7, if it were seeking to recover in this action. Possibly, if it were shown that school district No. 7 had ceased to exist, or had practically been deprived of its available property, a creditor might, in equity, obtain relief against the new districts, as was held in the case of Mt. Pleasant v. Beckwith, *supra.* Though in that case, as we have seen, this view was rejected by a very able minority of the court. But in an action at law there can be no liability on the part of a school district for such indebtedness to a creditor without positive legislation imposing such liability, and persons dealing with such public corporations do so with the implied knowledge that their territory may be diminished or enlarged in the manner prescribed by law. The creditor has no vested right, therefor, to have the territorial limits of such corporations remain unchanged, so long as the original corporation remains with a part of its original territory unimpaired, unless there are peculiar equitable grounds for proceedings against the new corporations, which do not appear in this case. The fact that the new districts were not created directly by act of the legislature, but under general acts passed, authorizing the formation or creation of districts, can make no difference. If the law authorizing their creation makes no provision for the apportionment of the indebtedness of the old district, the new district cannot be held liable, and whether the district is created by a special law or organized under a general law is immaterial. There were numerous other questions argued in this case, but, as we think the court was clearly correct in sustaining the demurrer upon the ground stated, we do not deem it necessary to discuss them in this opinion. The order of the court below is affirmed.