WAYNE COUNTY SAVINGS BANK *v.* SCHOOL DISTRICT NO. 5 OF MIKADO TOWNSHIP.

SCHOOLS AND SCHOOL DISTRICTS— LIABILITY ON BONDS — ORGANIZATION OF DISTRICTS—REORGANIZATION — EFFECT — CHANGE OF TOWNSHIP.

The act of the legislature in detaching a part of the territory of a township and erecting therefrom a new township of another name does not have the effect of putting an end to the school district organizations in the detached territory, and the holder of bonds issued thereafter by a district in such territory may recover thereon notwithstanding a subsequent reorganization of the district.

Error to Alcona; Connine, J. Submitted February 20, 1908. (Docket No. 69.) Decided May 1, 1908.

Assumpsit by the Wayne County Savings Bank against School District No. 5 of Mikado Township for the amount of a bond. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Charles R. Henry,* for appellant.

*Fred A. Beede* (*De Vere Hall,* of counsel), for appellee.

MOORE, J.   The plaintiff brings this suit on a school district bond and coupons connected therewith, alleged to have been made by the defendant school district, on the 5th day of October, 1888. The case was tried before the circuit judge who made the following findings of fact and law:

"Findings of Fact.

"1. On June 18th, 1887, the township of Greenbush, said county, contained three geographical townships, to wit, 25 north, range 7, 8 and 9, east. On that day the legislature, by Local Act No. 523, detached towns 25–7 and 8 from Greenbush and formed the same into a new township named Mikado.  This act was 'ordered to take immediate effect by the house,' whatever that may mean.

"2. On August 22d, 1887, the board of school inspectors of Greenbush organized a new school district, to be known as District No. 5, which was composed of the following lands: Sections 16, 17, 19, 20, 21, 22, 28, 29 and 30, town 25 north, of range 8 east.

"3. On October 4th, 1887, the same board of school inspectors detached from the district last mentioned the following lands to wit, s. ½ of s. e. ¼ and s. ½ of s. w. ¼ of section 28, and w. ½ of w. ¼ of section 19 and w. ½ of w. ¼ of section 30; and at the same time attached to said district the following lands, to wit: n. ½ of n. e. ¼ and n. ½ of n. w. ¼ of section 27, and w. ½ of section 14, all in town 25 north, of range 8 east. So that from and after October 4th, 1887, said District No. 5 of Greenbush contained the following lands—all of sections 16, 17, 20, 21, 22, and 29, and also w. ½ of section 14, the e. ¾ of section 19, the e. ¾ of section 30 and the north ¾ of section 28, all in town 25 north, of range 8 east.

"4. On August 11th, 1888, the board of school inspectors of Mikado township met for the purpose 'of hearing the application for the organization of a new district, in such township, and for the purpose of renumbering the old district,' and resolved that 'District No. 5 of the township of Mikado be known as District No. 2 of the township of Mikado.' From a map offered in evidence, it appears that the following lands were then contained in District No. 2 last above mentioned, to wit, the w. ½ of section 15, all of sections 16, 17, 18, 19, 20, 21, 22, 28, 29, 30, 31, and the w. ½ of 32, town 25–8.

"No notice appears to have been given by the board of

school inspectors to the officers of the school district of this last action by the board until after the issuance of the obligation herein sued upon.

"5. On October 5th, 1888, the officers of School District No. 2, under the name, 'School District No. 5 of the Township of Mikado,' issued to plaintiff, under the name, 'S. D. Elwood, Treasurer or Bearer,' the bond sued on, in the sum of five hundred dollars, with interest at the rate of seven per cent. per annum, payable annually in each and every year until the principal was paid, with ten interest coupons, each in the sum of thirty-five dollars, due and payable on the 5th day of October in the years 1889 to 1898, both inclusive, at which later date the principal of said bond matured.

"6. The plaintiff purchased said bond before maturity for a valuable and full consideration, in good faith, without notice of any defect claimed therein.

"7. The several interest coupons maturing October 5, 1889, 1890 and 1891 have each been paid and discharged as the obligation of said School District No. 2, and there remains unpaid on such obligation the principal sum of five hundred dollars and the interest coupons maturing October 5, 1892 to 1898, inclusive, with interest thereon at the rate of seven per cent. per annum, after maturity.

"8. On December 4th, 1901, the board of school inspectors of Mikado township organized 'School District No. 5 of the Township of Mikado,' which contained the following lands, to wit, the w. $\frac{1}{2}$ of section 15, all of sections 16, 17, 18, 19, 20, 21, 22, 28, 29, 30, 31, and s. $\frac{1}{2}$ of section 32, all in town 25 north, of range 8 east, which district is the defendant in this case.

"That after the last organization the last-named school district sold an old schoolhouse in which school had been held about twenty years ago, and appropriated the avails of the sale; this old school building was situated on the territory of the defendant.

"9. This section is brought against School District No. 5, so reorganized, to recover the principal of said obligation, and such interest coupons maturing October 5, 1892, to October 5th, 1898, both inclusive, with interest at seven per cent. per annum; there being due thereon as such principal and interest on July 5, 1906, the sum of twelve hundred and sixty-three one-hundredths dollars.

"Conclusions of Law.

"I conclude from the foregoing:

"1. That defendant is obligated to pay plaintiff the bond sued upon with interest at seven per cent. per annum.

"2. That plaintiff is entitled to judgment in the sum of one thousand two hundred dollars and sixty-three cents, with interest at the rate of seven per cent. per annum from July 5th, 1906, with costs."

The case is brought here by writ of error.

It is the claim that the findings of fact are not supported by the evidence. It is a matter of common knowledge that in a new country it often happens that the officers of a school district are not careful business men, and do not always appreciate the importance of accurate records of what is done at the school meetings and by the school officers; and while the records in this case are not as full and complete as could be desired, still a fair inference from them and from the testimony of the witnesses sustains the findings of the circuit judge. *Wood* v. *La Rue*, 9 Mich. 160; *Schmidt* v. *Miller*, 22 Mich. 278; *O'Connor* v. *Beckwith*, 41 Mich. 657; *Wertin* v. *Crocker*, 47 Mich. 642; *Cook* v. *Burnett*, 83 Mich. 251.

Counsel for defendant make the following claim; we quote from the brief:

"On June 18, 1887, the territory embraced in the defendant school district in this suit was detached, with other territory, from the township of Greenbush, and made into the township of Mikado. All territory in the new township then was void of school district territorial organization."

And it is argued that, until the new township institutes and sets in motion a complete school system, there are no school districts in the new township, citing, in support of this contention, *People* v. *Ryan*, 19 Mich. 203. An examination of that case will show it does not sustain the doctrine above stated.

In considering a question like the one involved here, Justice CAMPBELL, speaking for the court, used the following language:

" We do not think this makes any difference. The respondents are in law the same corporation as the old and larger district. The only effect of these acts was to detach certain lands from the district, but not to change its corporate identity. We have already disposed of this question in *Maltz* v. *Board of Education of Wilson Township*, 41 Mich. 547, in which we held that the debts could not be parceled out in a proceeding in the courts so as to give creditors a remedy against any but the present respondents. A debt once existing must remain a debt against the corporation that created it, and its obligation is not destroyed by a change in corporate limits. If contribution is required, it must be obtained by the corporation and not by its creditors, unless otherwise provided by law." *Turnbull* v. *School District*, 45 Mich. 496.

The following cases stand for the same proposition: *Brower* v. *Palmer*, 13 Mich. 104; *Halbert* v. *School District*, 36 Mich. 421; *Maltz* v. *Board of Education of Wilson Township*, 41 Mich. 547. They justify the judgment of the lower court.

Judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.