(No. 14789.—Judgment affirmed.)

THE PEOPLE *ex rel.* The Raymond Community High School District No. 158, Appellant, *vs.* A. H. BARTLETT, County Clerk, Appellee.

*Opinion filed October 21, 1922.*

1. MUNICIPAL CORPORATIONS—*all municipal corporations are subject to control of legislature.* Counties, cities, school districts and other municipal corporations created by authority of the legislature derive all their rights and powers from the legislature except such rights as the constitution guarantees them, and, subject to constitutional provisions, the legislature has supreme power over such corporations and may by general law define, alter, enlarge or abolish them without consent of those composing the body politic.

2. SAME—*identity of corporation is not affected by detachment or annexation of territory.* The individual identity of a school district or other municipal corporation is not affected by its being enlarged or diminished by the attachment or detachment of territory and inhabitants, and all the acts of such a corporation are done in its individual capacity, and if a part of its territory is separated from it by annexation to another corporation, it retains all its powers, rights and privileges and remains subject to all its obligations and duties unless some different provision is made by the act authorizing the separation.

3. SCHOOLS—*detached territory cannot be taxed for bonded indebtedness formerly voted by entire district.* Where the effect of the validating act of June 24, 1921, is to detach territory from a community high school district after a bonded indebtedness has been voted but before any tax to pay the same has been levied, the county clerk cannot be compelled by *mandamus* to extend any portion of the tax against any part of the detached territory, but the obligation of the district for the entire bonded debt is not affected by the detachment.

APPEAL from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding.

HILL & BULLINGTON, for appellant.

J. E. HOGAN, and L. W. REESE, for appellee.

· Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court.:

Raymond Community High School District No. 158 in Montgomery county was organized December 6, 1919. It then comprised a full township and a number of sections from each of the townships adjoining on the north, east, south and west. Shortly after the district was organized a petition was filed by the requisite number of voters residing in eight sections lying immediately south of the full township, asking that the territory be detached from the district and that the same be added to non-high-school territory, and a similar petition was filed with respect to twelve sections lying immediately east of the full township. A hearing was had on both petitions and the *ex-officio* board detached the territory March 8, 1920. On appeal to the State Superintendent of Public Instruction the decision of the *ex-officio* board was reversed and the territory was ordered to remain as a part of the district. In the meantime an election had been held in the district, which authorized the issuance of $85,000 in bonds for the purpose of purchasing a school site and building a school house. Between the time when the territory was detached by the *ex-officio* board and the time when this order was reversed and the territory declared to be a part of the district by the State Superintendent of Public Instruction these bonds were sold and delivered to the purchasers. On June 24, 1921, there was enacted by the General Assembly "An act to validate changes in the boundaries of township or community high school districts," and this law declared that all changes of boundaries of community high school districts whereby territory was detached from a high school district and added to non-high-school territory by the *ex-officio* board were legal and valid. (Laws of 1921, p. 828.) August 1, 1921, the board of education of the district in question levied $11,325 for educational purposes and $9675 for building purposes, of

which latter sum $4675 was to pay interest on the bonded indebtedness and $5000 was to pay for the school site. This tax levy was duly certified to the county clerk, who refused to extend any portion of the tax against any part of the twenty sections theretofore detached. Thereupon appellant filed its petition in the circuit court of Montgomery county praying for a writ of *mandamus* directing appellee to extend the tax levied for building purposes against all of the lands in the district at the time the electors of the district authorized the purchase of a school site and the issuance of the bonds. To this petition a general demurrer was filed and sustained, and the petition was dismissed. Appellant prosecutes this appeal to review that judgment.

The sole question presented on this record is whether the county clerk can be compelled by *mandamus,* at the instance of the present school district, to extend a tax for the payment of the principal of and interest on a bonded indebtedness created for the purpose of purchasing a school site and building a school house, against territory detached from said district after the bonds were issued and sold and before the tax was levied. The purchasers of the bonds are not parties to this litigation and are not contending that their security has been impaired or that the district as now constituted is unable to meet the obligation imposed upon it by the bond issue.

Counties, cities, school districts and other municipal corporations created by authority of the legislature derive all their rights and powers from the source of their creation, except such rights as the constitution guarantees them. In granting to these subordinate corporations authority to administer their own internal affairs the legislature does not divest itself of any power over the inhabitants of the districts which it possessed before the corporations were created. Such corporations are but parts of the machinery employed in carrying on the affairs of the State, and they are subject to be changed, modified or destroyed as the exigen-

cies of the public may demand. Subject to the provisions
of the national and State constitutions the legislature has
supreme power over them and may by general law define,
alter, enlarge or abolish them, as in the legislative judgment
the public welfare may require. (*County of Richland* v.
*County of Lawrence*, 12 Ill. 1; *Chalstran* v. *Board of Edu-
cation,* 244 id. 470; 1 McQuillin on Mun. Corp. sec. 265.)
Such bodies are properly denominated public corporations,
for the reason that they are but parts of the machinery em-
ployed in carrying on the affairs of the State. They are
composed of all the inhabitants of the territory included in
the political organization and the attribute of individuality
is conferred on the entire mass of such residents, and, as
we have said, subject to constitutional limitations it may
be modified or taken away at the mere will of the legisla-
ture according to its own view of public convenience, with-
out the consent, or, in fact, against the expressed wish, of
those composing the body politic. The individual identity
of the corporation is not affected by its being enlarged by
the attachment of additional territory and inhabitants or
diminished by the detachment of territory and inhabitants.
All the acts of such a public corporation are done in its in-
dividual capacity. So if a part of its territory and some of
its inhabitants are separated from it by annexation to an-
other or by the erection of a new corporation, the former
corporation retains all its property, powers, rights and privi-
leges and remains subject to all its obligations and duties,
unless some new provision should be made by the act author-
izing the separation. (*People* v. *Trustees of Schools*, 86
Ill. 613; *Laramie County* v. *Albany County*, 92 U. S. 307;
*Mt. Pleasant* v. *Beckwith*, 100 id. 514; *Los Angeles County*
v. *Orange County*, 97 Cal. 329, 32 Pac. 316; *Livingston* v.
*School District*, 9 S. D. 102, 68 N. W. 167; 1 McQuillin
on Mun. Corp. sec. 294; 19 R. C. L. 737.) Decisions to
the same effect have been made in nearly all the States of
the Union, but it is unnecessary to cite them, for the rea-

son that the courts are in agreement on the question. This shows that the principle is one of universal application. The rule is clearly established that the jurisdiction in such matters rests wholly with the legislature, and that upon the consolidation or division of one or more municipalities, or of the annexation of territory thereto or detachment of territory therefrom, the power of the legislature over the apportionment of the debts and obligations and the distribution of the property and assets of the municipalities affected, at least so far as held for governmental purposes, is absolute. The legislature is presumed to take into consideration all the equities when it makes its apportionment. Questions of public policy and expediency enter into the question, and of these the legislature is the exclusive judge. If the legislature, in making the change in the territory, directly or through authority delegated by it to a subordinate body, fails to make provision for an equitable adjustment of the assets and the liabilities between the corporations affected and hardship results therefrom, it is a hardship which the legislature alone can remedy, and the courts cannot grant relief. By the act of June 24, 1921, the legislature, in effect, detached the twenty sections in question from Raymond Community High School District, and since it made no provision for the division of the property and the apportionment of the debts the rule of the common law obtains, and that rule leaves the property where it is found and the debt on the original debtor. The original debtor is the corporation, and though the size of the corporation has been reduced by detaching from it certain territory and inhabitants, it remains the same municipal body.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*