# SUPREME COURT.

In the matter of the application of the Protestant Episcopal Public School, Terence Farley and others to vacate assessment for sewer in 74th street, from Fifth Avenue toEast River.

Where sealed proposals for bids for the construction of a *sewer or drain*, under an ordinance of the corporation of the city of New York, are in all respects regular, the publicly opening the bids and the awarding of the contract to the lowest bidder, *vests* in the bidder or contractor, from that time, a right of which he cannot be divested without compensation, and also creates a corresponding obligation on the part of the corporation to the contractor.

Therefore, an act of the legislature which prohibits sewers and drains to be constructed only upon a specified plan, not before in use, passed after the time such contract was awarded, but before it was formally executed, can have no effect upon such contract.

*New York, Special Term, September*, 1870.

The petitioners applied to vacate assessments imposed upon their property for the expense of constructing certain sewers.

The construction of the sewers was directed by a resolution of the common council; proposals for the work were opened on 6th April, 1865, and a contract executed on the 13th April, 1865.

On the 12th April, 1865, an act was passed by the legislature which required that no sewer should thereafter be constructed, except in accordance with a plan of sewerage to be devised by the croton aqueduct board.

The petitioners objected that no general plan of sewerage embracing the sewer in question, had been devised by the board as required by said statute.

CHARLES E. MILLER, *for petitioners.*
D. J. DEAN, *for the mayor, &c.*

BRADY, J.—The sealed bids or proposals for the construction of the sewer mentioned in this application, were opened on the 6th of April, 1865. The contract was executed on the 13th April, 1865, but before it was executed, and on the 12th April, 1865, an act in relation to sewerage and drainage in the city of New York, was passed by the legislature, *(Laws* 1865, *p.* 715,) the eighth section of which declares, " it shall not be lawful hereafter to construct any sewer or drain in the city of New York, unless such drain or sewer shall be in accordance with the general plan devised by the croton aqueduct board, for the sewerage of the particular district in which such sewer or drain is proposed to be constructed."

The general plan referred to is one which by the provisions of the act of 1865, it was necessary to devise and adopt, but which prior to such act was not required to enable the croton board to make the proper engagements to have a sewer or drain constructed. It is now contended that this act, with the prohibitory section above recited, rendered the contract nugatory and the assessments enforced to pay the expense incurred invalid, inasmuch as the sewer was not constructed in accordance with the general plan contemplated by the act of 1865. Is this objection well taken? The answer to this inquiry in my judgment, depends entirely upon the question, whether the contractor had any vested rights, and the corporation of New York had incurred liabilities with reference thereto, at the time of the passage of the act referred to. The charter of 1857, by section 38, provides that all contracts to be made or let by authority of the common council, shall be made by the appropriate heads of departments, under such regulations as shall be established by ordinance of the common council; that if the work shall involve an expenditure of more than

two hundred and fifty dollars, the contract thereto relating must be founded on sealed bids, or proposals to be invited by advertisement; that all bids or proposals shall be publicly opened by the officer advertising for the same in presence of the comptroller, and the contract given to the lowest bidder complying in making the bid with the preliminaries prescribed.

The ordinance of the common council in reference to these provisions declares that at the time and place appointed for that purpose in the proposals, the head of the department, in the presence of the comptroller, and such of the parties making them as may desire to be present, shall then and there publicly open and read all estimates which he may have received for the contract mentioned in such proposals, and shall reject all estimates not furnished in conformity with the rules in relation thereto, and shall thereupon award the contract as prescribed in section 38 of the city charter of 1857, section 22, chapter VII. revised ordinances 1866, page 191. It is not alleged that the bidder, to whom the contract under consideration was awarded, did not in all respects, conform to the requirements of the charter, and the ordinances of the common council, or that there was any irregularity in form or substance in the advertisement, bid or award.

It must be presumed, therefore, that upon the 6th of April, 1865, when the sealed bids were opened, the award was properly and legally made, and the terms of the contract agreed upon.

These proceedings vested in the bidder a right of which he could not be divested without compensation, and created a liability on the part of the corporation to him. The bid having been accepted, the obligations disclosed were created. (*Russ* agt. *The Mayor*, 12 *Legal Observer*, 38 ; *Smith* agt. *The Mayor*, 10 *N. Y.*, 504.)

Having arrived at this conclusion, the objection of the petitioner must be overruled. The act of 1865, must be

construed in reference to existing rights and liabilities, as prospective and not as retrospective. The rule is, that a statute affecting rights and liabilities should not be so construed as to act upon those already existing; and it is the result of the decisions that although the words of a statute are so general and broad in their literal extent as to comprehend existing cases, they must yet, be construed as to be applicable only to such as may thereafter, arise, unless the intention to embrace all, is clearly expressed. *(Moon agt. Durden,* 2 *Exch.,* 22; *Dash* agt. *Van Kleeck,* 7 *J. R.,* 477; *Wood* agt. *Oakley,* 11 *Paige,* 400; *Johnson* agt. *Burrell,* 2 *Hill,* 238; *Butler* agt. *Palmer,* 1 *Hill,* 324; *Snyder* agt. *Snyder,* 3 *Barb.,* 621; *Hackley* agt. *Sprague,* 10 *Wend.,* 114; *McManus* agt. *Butler,* 49 *Barb.,* 176.)

There is nothing in the act of 1865, which declares any such intention on the part of the legislature.

It is silent upon the subject.

For these reasons, the application must be denied.