(96 N. W. Rep. 326.)

---

C. B. MAY, J. M. TUSTEN, M. H. PAYNE, J. L. STILL, A. S. HERMAN, E. E. MAY, A. F. ERICKSON AND R. A. ERICKSON *v.* CASS COUNTY, O. J. OLSON, COUNTY AUDITOR, D. C. ROSS, COUNTY TREASURER, AND CLOSE BROTHERS & COMPANY.

Opinion filed June 24, 1903.

**Rights Vested by Statute Not Affected by Its Repeal.**

1. Rights which have become vested under a contract resting for its validity upon a statute cannot be impaired or annulled by a repeal of such statute.

**Effect of Subsequent Amendment of Statute.**

> 2. The county commissioners of Cass county, pursuant to authority conferred by section 1474, Rev. Codes 1899, resolved to issue twenty-year drainage bonds to pay the cost of constructing a certain drain which had theretofore been regularly established and constructed under the provisions of the drainage law, and entered into a contract to sell said bonds. The bonds were thereafter executed and delivered to the purchaser according to his contract of purchase, and the full amount of the purchase price paid. Before they were actually signed and delivered, however, section 1474, Rev. Codes 1899, was amended to the effect that bonds issued thereunder should mature in not less than three nor more than seven years. It is *held*, in an action to cancel and declare void the bonds so issued and delivered, that the amendment was wholly ineffectual to destroy the rights of the purchaser of said bonds, or to abrogate the authority of the board of county commissioners to issue and deliver them according to contract.

Appeal from District Court, Cass County; *Charles A. Pollock, J.*

Action by C. B. May and others against Cass County and others. Judgment for defendants, and plaintiffs appeal.

Affirmed.

*J. E. Robinson,* for appellants.

Powers derived wholly from a statute are extinguished by its repeal. If a proceeding is in progress when the statute is repealed, and the powers it confers cease, it fails, for it cannot be pursued. Sutherland on Statutory Construction, section 165 and cases cited. *Veats* v. *Danbury,* 37 Conn. 412; *Gilleland* v. *Schuyler,* 9 Kan. 569; *New London Northern R. R. Co.* v. *Boston,* 102 Mass. 389; *Petition of Fenelon,* 7 Pa. St. 173; *Hampton* v. *Commonwealth,* 19 Pa. St. 329; *Pott* v. *Supervisors,* 25 Wis. 506.

The statute is not constitutional. County commissioners represent only their own county, and hence not authorized to issue bonds against another county, township or drainage district. *People* v. *Hurlbut,* 24 Mich. 44; *Board of Park Commissioners* v. *City of Detroit,* 28 Mich. 228.

*Emerson H. Smith,* and *Morrill & Engerud,* for respondents.

Appellant's three propositions, viz., that section 1474 is repealed; that the matter of issuing bonds was *in fieri* at the time of the repeal; that the repeal extinguished the power to issue bonds and all that had been done under it, are unsound.

Chapter 39, Laws of 1901, only amended section 1474. The only change was in length of time bonds had to run, and permitting assessments to be paid before bonding.

The effect of chapter 39, Laws of 1901, is to continue in force section 1474. *City of Fargo* v. *Ross,* 11 N. D. 369, 92 N. W. Rep. 449.

The 'improvements in question can only be undertaken at the instance of a majority of those affected. The petitioners assume the burden on their part, and seek to impose it on their neighbors, according to the law in force at the time.

The old law remained in force, but the new law engrafted on to the old two new provisions. This is not repeal.

As far as the rights of all parties are concerned, the transaction was no longer *in fieri.* The delay in signing the bonds did not leave them so. *Butler* v. *Palmer,* 1 Hill. 324; *Town* v. *R. R. Co.,* 34 N. J. L. 193; *Creighton* v. *Pragg,* 21 Cal. 115; *James* v. *Dubois,* 16 N. J. L. 285; Cooley on Cons. Lim. (4th Ed.) 445.

Young, C. J. The plaintiffs instituted this action in the district court of Cass county for the purpose of canceling certain twenty-year drainage bonds issued by the county commissioners of that county to defray the cost of constructing Argusville drain No. 13 and to enjoin the officers of that county from making assessments to pay the same. The alleged illegality of the bonds in question is based upon the fact that prior to their execution and delivery, and on July 1, 1901, the law authorizing the issuance of twenty-year bonds (section 1474, Rev. Codes 1899) was amended, and the time for which such bonds might be issued was reduced from twenty years to seven years. The question involved is one of power, and arises upon the plaintiffs' demurrer to the defendants' answer. The answer alleges, in substance, that the drain in question was duly established and completed; that the board of drain commissioners on October 4, 1900, filed their written report showing that all proceedings with reference to its construction and completion had been duly and regularly had and taken, and that the total cost of the same was $40,996.97; that on said date the board of county commissioners adopted a resolution to the effect that it was for the best interests of all persons liable for the cost of said drain that bonds should be issued under and pursuant to the provisions of section 1474, Rev. Codes 1899, for the purpose of paying the expense of constructing and completing said drain, and resolved that bonds

in said sum should be issued under and by virtue of said section for the purpose mentioned, and further directed the county auditor, to advertise for bids for such bonds; that the county auditor, in compliance with said resolution, did advertise for bids for the pur-chase of said bonds; that the bid of Close Bros. & Co. was the high-est and best bid, and the same was accepted on October 22, 1900; that their bid was to the effect that they would purchase all of said bonds at a premium of $275, and pay the cost of preparing the bonds; that on the same day the county commissioners duly passed and adopted a resolution that bonds should be issued under the provisions of section 1474, Rev. Codes 1899, for the total sum of $40,996.97, to said Close Brothers & Co., and payable to them or order, dated November 1, 1900—one-third of the principal of said bonds to be payable ten years from their date, one-third payable fifteen years from their date, and the remaining twenty years from their date—and further directed the county auditor of Cass county to extend upon the tax lists against the lands liable for the cost of said drain an assessment one-twentieth of the principal of said bonds each year; that assessments have been made and extended in pursu-ance of said resolution; that, thereafter, and before the said bonds could be prepared, signed, and issued, an action was commenced by the plaintiffs in this action for the purpose of declaring the proceedings for the construction of said drain illegal and void, and to enjoin the levying of assessments against their lands to defray the cost of constructing the same, and to enjoin the issuance of drainage bonds; that in said action an order was obtained and served enjoining and restraining the county commissioners and county auditor from proceeding with the issuance of said bonds and with the enforcement of the assessments, which said temporary injunctional order remained in force and effect from the 5th day of January, 1901, until July 29, 1901, on which last named date it was dissolved by a final judg-ment dismissing the action upon the merits; that thereafter, and on the 1st day of November, 1901, bonds were duly executed and delivered by the proper officers to Close Bros. & Co. in the amount and form as provided by the resolution of the board of county com-missioners made on October 22, 1900; that the said Close Bros. & Co., on receipt of said bonds, paid to the treasurer of Cass county the full amount of said bonds and $275 in addition thereto, in accord-ance with their bid as accepted by the board of county commission-ers. The plaintiffs demurred to the answer upon the ground that "it

does not state facts sufficient to constitute a defense, and it shows affirmatively that the bonds mentioned in said answer were issued without any authority of law." The demurrer was overruled. Plaintiffs stood upon their demurrer, and judgment was entered dismissing the action. The appeal is from the judgment, and error is assigned upon the ruling upon the demurrer.

The demurrer was properly overruled. The validity of chapter 51, p. 65, of the Laws of 1895 (sections 1444-1474, incl., Rev. Codes 1899), known as the "Drainage Law," and under which the drain in question was constructed and the bonds involved in this action were issued, was challenged by these plaintiffs in a former action, and was sustained by this court. *Erickson* v. *Cass County,* 11 N. D. 494, 92 N. W. Rep. 841. The question now presented relates to the effect of chapter 39, p. 49, of the Laws of 1901, which amended section 1474, Rev. Codes 1899. Prior to its amendment, section 1474 authorized county commissioners to issue drainage bonds maturing in their discretion in "not exceeding twenty years from the date thereof." The section as amended on July 1, 1901, provides that bonds issued thereunder "shall be payable in not less than three and not more than seven years from the date thereof." The answer in this case shows that the board of county commissioners decided to issue twenty-year bonds to pay the cost of constructing the drain in question; that it advertised for bids for such bonds, and that on October 22, 1900, the bid of Close Bros. & Co. for all of said bonds was duly accepted. All of these acts took place before the amendatory act, chapter 39, p. 49, of the Laws of 1901, took effect, and at a time when the board had lawful authority to issue and sell twenty-year bonds. The bonds were not signed and delivered, however, until November 1, 1901, which was after the amendment had taken effect. The contention of plaintiffs' counsel is that the power of the board to issue twenty-year bonds was entirely revoked by the amendment, and that, as these bonds were not actually signed and delivered until November 1, 1901, their issuance and delivery was without authority, and that they are, therefore, void. We cannot agree to this conclusion. It is not necessary to a decision of this case to determine whether chapter 39, p. 49, of the Laws of 1901, was intended to operate prospectively only, and thus apply merely to drains thereafter established, as counsel for defendants contend; or whether, as counsel for plaintiffs contends, the legislature intended by the amendatory act also to deprive the county commissioners of authority

to issue twenty-year bonds to pay the cost of constructing drains theretofore established and completed. We will assume for the purpose of this case that it was the legislative intent to entirely abrogate the authority of the county commissioners to issue twenty-year bonds. Still we are compelled to hold that the bonds involved in this action are valid, for the reason that prior to the taking effect of the amendment rights had become vested under the law as it then existed, which the legislature could not destroy. The owners of the land liable for the cost of the drain had caused its construction in reliance upon the law as it was prior to the amendment, and under which the county commissioners were authorized, in their discretion, to extend their assessments over a twenty-year period. Contracts for the construction of the drain had been let and performed, involving heavy financial obligations, which could only be discharged under the terms of the law then in force. Furthermore, the county commissioners had entered into a valid contract for the sale of the bonds to Close Bros. & Co.; a contract which was mutually binding upon both parties. It bound the officers of the county to sign and deliver the bonds, and also to levy assessments necessary to pay them. Close Bros. & Co. were bound by their bid and its acceptance to take the bonds, and pay for them in accordance with their bid. The duty of the county commissioners to issue and deliver the bonds to Close Bros. & Co. arose upon the acceptance of their bid. And under such circumstances the purchasers had a right to compel the performance of the ministerial duty of signing and delivering the bonds by mandamus. *Smith* v. *Bourbon County,* 127 U. S. 105. 8 Sup. Ct. 1043, 32 L. Ed. 73; *Page* v. *Hardin,* 8 B. Mon. 648; *Douglas* v. *Town of Chatham,* 41 Conn. 211; *New Haven, M. & N. Ry. Co.* v. *Town of Chatham,* 42 Conn. 465; *Shelby County* v. *C. & O. Ry. Co.,* 8 Bush. 209; *Flag* v. *The Mayor,* 33 Mo. 440; *Justices* v. *P. W. & K. R. Co.,* 11 B. Mon. 143; *Roberts* v. *City of Paducah* (C. C.) 95 Fed. 62. When the bid of Close Bros. & Co. was accepted, the board of county commissioners had the undoubted authority to issue and sell twenty-year bonds, and that power included the right to make a contract to sell and deliver them. The subsequent signing and delivery of the bonds was merely the performance of this contract. The law in force at that time authorized the contract which was made, and was a part of it. It was such a contract as could not be impaired or annulled by subsequent legislation. *Moultrie County* v. *Savings Bank,* 92 U. S. 631, 23 L. Ed. 631.

In the matter of the *Protestant Episcopal School, etc.,* 58 Barb. 161; *Coffin et al.* v. *Indianapolis* (C. C.) 59 Fed. 221; *Smith* v. *City of New York,* 10 N. Y. 504; 1 Dillon on Munic. Corporations (4th Ed.) section 470; *McCauley* v. *Brooks,* 16 Cal. 11; *Creighton* v. *Pragg,* 21 Cal. 117; *James* v. *Dubois,* 16 N. J. Law, 285; *Town of Belvidere* v. *Warren R. R. Co.,* 34 N. J. Law, 193; *Western Saving Fund Society* v. *Philadelphia,* 31 Pa. 185; Cooley on Const. Lim. (5th Ed.) 331; *Smith* v. *Board,* 127 U. S. 105, 8 Sup. Ct. 1043, 32 L. Ed. 73; Sutherland on Stat. Const. section 480. See also, *Fisher* v. *Betts* (decided at the present term) 96 N. W. Rep. 132, and cases cited. It is possible that the amendatory act should be construed as prospective, and as having no reference whatever to rights and liabilities existing when it took effect. The courts have adopted this rule of construction in many cases with the evident purpose of relieving lawmakers from the charge of attempting an unconstitutional invasion of vested rights. "The rule is that a statute affecting rights and liabilities should not be construed so as to act upon those already existing. And it is the result of the decisions that, although the words of a statute are so general and broad in their literal extent as to comprehend existing cases, they must yet be so construed as to be applicable only to such as may thereafter arise, unless the intention to embrace all is clearly expressed."

In the matter of the Protestant Episcopal School, etc., 58 Barb. 161, and cases cited; Sutherland on Stat. Const. section 481; Endlich on Inter. of Stat. section 271. In this case we have assumed that it was the legislative purpose to absolutely repeal the authority of the county commissioners to issue twenty-year bonds. Nevertheless, we conclude that the attempted repeal was without effect as to the bonds in suit, as the purchaser's right thereto had become vested before the amendment took effect, and could not be impaired by subsequent legislative action. Counsel for appellants also claims that "the statute (section 1474, Rev. Codes 1899) is not constitutional." He contends that county commissioners cannot be authorized to issue bonds against a drainage district. We know of no constitutional restriction upon the power of the legislature which would prevent that body from conferring upon county commissioners the authority given by this act. No such provision is pointed out or suggested by counsel. Judgment affirmed. All concur.