ALBERT H. SITTE and Helen Sitte, Respondents, v. C. T. PAULSON, M. M. Borman, John Rudlang, Constituting the Board of Trustees in and for the Village of Abercrombie in Richland County, North Dakota, Appellants. WELLS DICKEY COMPANY, a Corporation, Intervener and Appellant.

(216 N. W. 344.)

**Municipal corporations — unplatted farm lands within village without improvements subject to exclusion on petition.**

    1. Pursuant to chapter 172, Sess. Laws 1923, plaintiffs petitioned to have

their unplatted farm lands lying within the limits of the village of Abercrombie excluded therefrom. No improvements had been made thereon excepting that the section line highway on the outer side of the lands and bounding the village limits had been graded. The village paid one-fourth of the expense of this grading. *Held*, following Enderson v. Hildenbrand, 52 N. D. 533, that there were no improvements within the meaning of that term as used in the statute upon the lands and that the village board had no discretion but must grant the petition.

**Municipal corporations — when creditor has no vested rights to have territorial limits unchanged.**

2. A village is a public corporation, an instrumentality of the State, created by and existing subject to, the legislative will. Any person dealing with such a corporation does so with the knowledge that its territory may be enlarged or diminished in the manner prescribed by law, and having become a creditor of such a corporation, has no vested right on that account to have the territorial limits thereof remain unchanged, so long as the corporation continues to exist with a part of its original territory unimpaired.

Opinion filed November 28, 1927.

Constitutional Law, 12 C. J. § 635 p. 1012 n. 61; § 639 p. 1014 n. 79. Municipal Corporations, 43 C. J. § 78 p. 120 n. 82.

Appeal from the District Court of Richland County, *Wolfe,* J. Affirmed.

*G. H. Korsvik,* for appellants.

An act to provide for the changing of boundaries of cities and municipal corporations, and to exclude territory therefrom was not intended as a means by which a city might be practically disincorporated. Wiencald v. Dodson, 30 Pac. 580.

A litigant can question the validity of a statute only when and in so far as it applies to his disadvantage. Enderson v. Hildenbrand (N. D.) 204 N. W. 356.

The courts cannot pass upon the rights of the parties interested unless they are made parties to the action. Bisinius v. Randolph (Neb.) 118 N. W. 182.

The validity of an agreement depends on the state of the law at the time it was entered into. Sayer v. Brown (Ind. Terr.) 104 S. W. 877.

A contract will be construed according to the. law at the time the

contract was made and not in accordance with subsequent contrary decisions.    Mercantile Trust Co. v. Columbus, 161 Fed. 135.

Even in the absence of a constitutional prohibition of retrospective laws, a statute or ordinance is void where its operation would impair vested rights.    12 C. J. 1092; 97 N. E. 280.

An unconstitutional statute is absolutely null and void, ab initio, having no binding force.

Such statutes are regarded as though they had never been in existence.    12 C. J. 1092; 97 N. E. 280.

Changes in municipal government which impair substantially the enforcement of creditors' rights are unconstitutional.    New Orleans v. Morris, 105 U. S. 600.

Accordingly preference will be given to that construction of a statute by which no substantial interference with the rights of creditors would result from its enforcement.    Townsend Gas Co. v. Hill, 64 Pac. 778.

As incidental to territorial change the legislature may direct the manner in which debts and liabilities shall be met and by whom, as to it seems equitable.    Johnson v. San Diego, 42 Pac. 249.

*Purcell & Heder,* for respondents.

Property which was within the corporate limits of a city at the time of issuance of bonds, but which is now outside the corporation by reason of the reduction of its limits, cannot be assessed for the purpose of aiding and paying the bonds.    Miller v. Pineville, 121 Ky. 211, 89 S. W. 261.

In the nature of things it must be that the power to annex territory to cities must in its nature be analogous to the power to detach territory from city limits.    Williams v. Parker, 188 U. S. 491; State v. Clark, 21 N. D. 523; State v. Frazier, 39 N. D. 443; Pettetier v. Ashton, 12 S. D. 266, 81 N. W. 735.

Nuessle, J.    The plaintiffs are the owners of certain unplatted lands which lie within the limits of the village of Abercrombie in Richland county.    They desired to have their lands excluded from the village.    Accordingly they prepared a petition pursuant to the provisions of chapter 172, Sess. Laws 1923.    This petition was concededly sufficient in form and substance and had the requisite number of

signers. It was duly presented to the board of village trustees. The required notice was given, day for hearing was set, and the matter came on for hearing before the board. The Wells Dickey Company, appellant herein, appeared and asked leave to intervene in resistance to the plaintiffs' petition. Leave was granted over the objection of the plaintiffs and a complaint in intervention was filed. Testimony was taken pursuant to the issues raised. Upon the record as thus made the board found and held adversely to the plaintiffs and denied their petition. Thereupon the plaintiffs sought a review of the action of the board in the district court and procured the issuance of an order to show cause why a writ of certiorari should not issue. On hearing the writ was issued and the court ordered that the relief prayed for by the plaintiffs in their petition be granted. Judgment was entered accordingly. The instant appeal is from the judgment as thus entered in the district court.

From the record it appears that the lands of the plaintiffs were unplatted farm lands lying in the outer limits of the village of Abercrombie. They comprised all of the southeast quarter of section 5, township 134, range 48, excepting a small rectangular tract on the east side of the northeast forty. The village boundaries ran along the west and south sides of the land sought to be excluded. No improvements had been made thereon excepting that the section line road along the south line of the tract had been graded, for which grading the village had paid one-fourth of the expense entailed, amounting to about $80. It further appears that the waste waters from the land in question drained into the ditches along this highway and thence into an adjacent watercourse. Prior to the filing of the petition the village had arranged with a power company to install electric service within its boundaries and had paid a bonus of $5,000 to the power company to have this done. In order to raise this bonus the village was bonded in the sum of $5,000, $2,000 of which bonds are still outstanding. The village acquired no right of ownership in the electric plant which was installed. The plaintiffs availed themselves of the facilities thus afforded and had light and power connection with the plant, through the same transformer used by the village. In 1922 the village desired to make certain improvements and issued bonds therefor in the sum of $7,000 which were sold to the appellant Wells

Dickey Company. This company now owns these bonds and it is because of this ownership that it claims the right to intervene in this proceeding. The valuation of the property in the village for purposes of taxation is $170,000. The lands which the plaintiffs seek to have excluded are valued for taxation purposes at more than $10,-000. The maximum tax rate is ten mills.

On this appeal the appellants advance two main propositions: First, that the plaintiffs' lands are not subject to exclusion under the provisions of the statute, chapter 172, Sess. Laws 1923, for the reason that improvements have been made by the village thereon and, second, that in so far as the appellant Wells Dickey Company is concerned, the statute authorizing the exclusion is unconstitutional in that it tends to impair the obligations of the appellant's contract with the village as evidenced by the bonds purchased by the appellant and now owned by it; that if the plaintiffs' lands are excluded the security for these bonds will be decreased and it will be impossible to raise by taxation the sum required to retire the bonds and pay the interest upon them during their life; that even though this effect will not result from the exclusion of the plaintiffs' lands, other and similar lands lie within the village limits which may be excluded in the same manner and which the owners thereof are threatening to petition to have excluded; that ultimately the property within the village will be so attenuated it will be impossible to pay the interest on the appellant's bonds and to retire the principal thereof when the same falls due.

The plaintiffs' lands are unplatted farm lands; they lie on the outer edge of the village territory; there are no improvements upon them coming within the definition of the statute. It seems to us that in this respect the case is controlled by the case of Enderson v. Hildenbrand, 52 N. D. 533, 204 N. W. 356. It is true that the exclusion of the plaintiffs' lands will leave the village boundaries somewhat irregular, but, under the terms of the statute, that fact can make no difference. The irregularity here disclosed is not such as to bring the case within the rule laid down in Mogaard v. Garrison, 47 N. D. 468, 182 N. W. 758.

It is next contended that on complaint of the appellant, Wells Dick-

ey Company, the statute must be held unconstitutional in the instant case.

The bonds in question were issued and the appellant company purchased the same in 1922, long subsequent to the enactment of the statute providing for the exclusion of territory from incorporated villages. See §§ 3968–3970, Comp. Laws 1913, and amendments thereto in chapter 79, Sess. Laws 1919 and chapter 32, Sess. Laws 1921. These statutes are identical with chapter 172, Sess. Laws 1923, the statute under which the plaintiffs applied for relief, excepting only that no provision was made for a judicial review of the action of the village board in passing upon the merits of petitions for exclusion. It is true, as appellant urges, that the legislature cannot constitutionally pass an act which impairs the obligations of contracts to which a municipal corporation is a party. Mt. Pleasant v. Beckwith, 100 U. S. 514, 25 L. ed. 699; May v. Cass County, 12 N. D. 137, 96 N. W. 292; 12 C. J. p. 1012. Nevertheless, the fact that the action of the legislature is subject to this constitutional restraint cannot avail the appellants in the instant case. In the first place, it does not appear upon the record that the appellant, Wells Dickey Co. will in fact be injured by the exclusion of the lands in question, for it is not established that the village will not be able to raise by taxation funds sufficient to meet its requirements with respect to the bonds. Of course we are not here concerned with what may happen in the future with regard to similar petitions for exclusion. In the next place, the village is but the instrumentality of the state; it is wholly a creature of the legislative will. Ordinarily, the legislature may do as it will with any of the municipal organizations for which it has made provision. It can provide for the extension or for the shrinking of their boundaries. School Dist. v. King, 20 N. D. 614, 127 N. W. 515; Waslien v. Hillsboro, 48 N. D. 1113, 188 N. W. 738. It can impose this, that, or the other regulation upon them subject only to constitutional restraints. Subject to these restraints it can wholly wipe out a municipal corporation if it sees fit to do so.

When the appellant purchased the bonds of the village of Abercrombie, it purchased them knowing the power of the legislature with respect to the village organization. ". . . persons dealing with such public corporations do so with the implied knowledge that their

territory may be diminished or enlarged in the manner prescribed by law. The creditor has no vested right, therefore, to have the territorial limits of such corporation remain unchanged, so long as the original corporation remains with a part of its original territory unimpaired. . . ." See Livingston v. School Dist. 9 S. D. 102, 68 N. W. 167; Mt. Pleasant v. Beckwith, supra; Shapleigh v. San Angelo, 167 U. S. 646, 42 L. ed. 310, 17 Sup. Ct. Rep. 957. It may be if the legislature were to provide for the complete dissolution of the village that the plaintiffs would be entitled to equitable relief. See Mt. Pleasant v. Beckwith, supra. But that is a question which is not presented in the instant case as the village of Abercrombie continues to exist notwithstanding the exclusion of the plaintiffs' lands.

The order and judgment of the district court were right and must be affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.