## SMITHWICK SCHOOL DIST. NO. 6, Respondent, v. LINCOLN SCHOOL DIST. NO. 26, et al., Appellants.

### (156 N. W. 587.)

(File No. 3743.   Opinion filed March 4, 1916.)

1.   Pleadings—School District—Recovery of Division Indebtedness, Sufficiency of Answer on Demurrer.

Where, in a suit by one school district to recover from the old district from a part of which the plaintiff district was carved, an alleged indebtedness apportioned by the commission created by Laws 1907, Ch. 135, Sec. 69, the answer denied that the apportionment was equitable, specifying wherein it was inequitable, alleged the ignorance of the commissioners as to value of the school properties and that they arbitrarily refused to make an independent investigation of their values, and denied that any sum was due plaintiff, but failed to allege that the commission was actuated by any wrongful or fraudulent purposes, held, that a demurrer to the answer as not pleading a defense was properly sustained; that such commission is not, under Const. Art. 5, Sec. 1, vesting the judicial power in certain named courts, vested with judicial power in the performance of its duty under said act in apportioning the property and indebtedness between the school districts upon such division thereof; that such action is purely administrative, the Legislature having power to declare by direct legislation the property rights of the new school districts, and what amount of indebtedness, if any, should be assumed by them; and such action, being administrative, was, if regular, and not vitiated by fraud, binding upon the school districts involved; and hence, such commission not being a judicial tribunal, its

action is not subject to review unless fraudulent or actuated by wrongful purposes, and so is not within the scope of Const. Art. 6, Sec. 2, guaranteeing due process of law in defense of property, and Sec. 20, declaring the courts open, by remedy in due course of law, to persons injured in their property rights.

2. **Trials—Judgment on General Demurrer, Necessity of Finding as Basis.**

In case of judgment upon general demurrer, no findings of fact need be entered or made.

3. **Trials—Conclusion of Law, What Constitutes, in Judgment on Demurrer.**

Where, in sustaining a general demurrer to an answer, the trial court, without entering separate conclusions of law, rendered and filed its judgment reciting therein, as preliminary to the judgment, that: "It is hereby ordered, adjudged and decreed that the plaintiff's demurrer herein be and the same is hereby sustained," such recital constituted a conclusion of law.

4. **Appeals—Judgment on Demurrer—Assignment of Error for Want of Fndings and Conclusions of Law, Sufficiency of.**

Where judgment was entered upon sustaining demurrer to an answer, the recitals in the judgment amounting to a conclusion of law, **held**, that an assignment of error that the judgment "is not supported by" any findings of fact or conclusions of law, is not sufficient to authorize the Supreme Court to set aside the judgment because such conclusions had not been filed before judgment was entered.

Polley, J., not sitting.

Appeal from Circuit Court, Fall River County. Hon. LEVI McGEE, Judge.

Action by the Smithwick School District No. 6, against Lincoln School District No. 26 and others, to recover an alleged indebtedness arising on division of school districts. From a judgment sustaining demurrer to their answer, defendants appeal. Affirmed.

*Wilson & Wilson,* for Appellants.

*P. F. Ward,* for Respondent.

(2) To point two of the opinion. Appellants cited: Code Civ. Proc., Secs. 276, 277; Kierkow v. Young, 21 S. D. 180; Gull River Lumber Co. v. School District, 1 N. D. 500, 48 N. W. 427; 31 Cyc. 347.

Respondent cited: 135 Cyc. 245-246; Section 238 C. C. P.; 29 N. Y. Suppl. 432; 24 N. Y. Suppl. 783.

WHITING, J. Proceeding under section 69, c. 135, Laws 1907, defendant district was organized out of a part of plaintiff district. Such section provides, among other things, that:

"At the regular meeting of the board of county commissioners in July following said election, the board of county commissioners and the county superintendent shall make an equitable apportionment of the property and indebtedness (other than bonded) of the district among the new districts formed therefrom."

The commission named in such section met pursuant thereto and apportioned the property and indebtedness of the old district between the two districts, finding that there was a certain sum due to the old district. This action was brought to recover such sum, the complaint setting forth the above facts. To the original answer a demurrer was interposed and sustained. The answer was amended. To the amended answer a demurrer was interposed and sustained, and the trial court, without entering separate conclusions of law, rendered and filed its judgment reciting therein, preliminary to the judgment proper, that:

"It is hereby ordered, adjudged, and decreed that the plaintiff's demurrer herein be and the same is hereby sustained."

From such judgment this appeal was taken.

[1] Appellant contends that the demurrers were improperly sustained. We need only consider the amended answer. It denied that the apportionment was equitable and designated numerous particulars wherein it was alleged that same was inequitable. It alleged the personal ignorance of the commission as to the values of the different school properties, and alleged that they arbitrarily refused to make any independent investigation to ascertain the value of same. It denied that any sum was due plaintiff. In other words, it alleged the unjustness of the apportionment made, and criticized the methods pursued by the commission, but did not allege that the commission was actuated by any wrongful or fraudulent purpose. Was the trial court correct in holding that the answer failed to plead facts constituting a defense? We think it was.

It is urged that, unless appellant could have the action of the commission reviewed by the circuit court, it is denied a day in court. Upon the other side, it is contended that their award,

when not tainted with fraud, so as to invalidate same, is final. If this award was a finality, it was for either one of two reasons: Either because the commission making it was a legally constituted tribunal from whose decision there is no appeal; or because the determination of such commission is not judicial in its nature. The Constitution of this state provides that the judicial power of the state shall be vested in its courts—naming them—and in them only unless otherwise provided in the Constitution. Section 1, art. 5, Const. There is no constitutional provision giving judicial powers to such a commission as this, and it is, for that reason, not a judicial tribunal. Spencer v. Sully County, 4 Dak. 474, 33 N. W. 97. Therefore, if the apportionment of the property and indebtedness between these districts is a judicial action, appellant has been denied the constitutional right of having its property rights determined by a regularly constituted judicial tribunal. Sections 2 and 20, art. 6, Const.; McCoy v. Handlin, 35 S. D. 487, 153 N. W. 361, L. R. A. 1915E, 858.

This apportionment was not a judicial action, but an action purely administrative. The Legislature has full power to divide districts and create from them new ones; it also has full power to fix the property rights of the new districts. If it divides a district, and makes no provision for the division of the property thereof, the property of the former district, situate within the territory remaining in the old district, together with all intangible property in its possession, remains the property of the old district; the property situate in a new district passes to such new district; the existing indebtedness stands against the old district. The Legislature can, by direct legislation, declare the exact property that shall belong to each new district, and what amount of indebtedness, if any, that shall be assumed by such new districts, or it can declare the rule that shall govern the division of property and indebtedness, and leave to some person or commission the administrative act of making the apportionment according to such prescribed rule. Our Legislature pursued the latter course. The action of the commission, in adjusting the property rights and carrying out the legislative intent, was purely administrative. This action, if regular, and not vitiated by any fraud, is as binding as would have been the same action by the Legislature itself. The only function of the court is to enforce the apportionment made.

Davenport v. Elrod, 20 S. D. 567, 107 N. W. 833; Board of Education v. Board of Education, 30 W. Va. 424, 4 S. E. 640.

[2, 3] Basing his argument upon an assignment that "said judgment is not supported by any findings of fact or conclusions of law whatsoever," appellant contends that the judgment must be set aside because the trial court did not file findings of fact and conclusions of law, as is required by section 276, C. C. P. In the case of a judgment upon demurrer there are no findings of fact to be entered. There was in fact a conclusion of law incorporated into the said judgment, as appears from the recitation from such judgment hereinbefore quoted. The assignment only questions the existence of any conclusion of law sufficient to support the judgment. Such assignment is not sufficient to authorize this court, where a conclusion of law actually was rendered, to set aside the judgment because such conclusion had not been filed before the judgment was rendered.

The judgment appealed from is affirmed.

POLLEY, P. J., not sitting.