WILSON *v.* SCHOOL DISTRICT NO. 4, TOWNSHIP OF ELLINGTON.

SCHOOLS AND SCHOOL DISTRICTS—CONSOLIDATED SCHOOL DISTRICT SUCCEEDS TO CREDITS AND LIABILITIES OF ITS PARTS.

Where two school districts consolidate, the consolidated district succeeds to the credits and liabilities of its parts, and, therefore, it is liable for the breach of a teacher's contract of employment by one of the consolidating districts; and it is no defense that the contracting district passed out of existence by reason of the consolidation.[1]

Error to Tuscola; Williams (William B.), J., pre-

[1] Schools and School Districts, 35 Cyc. p. 851.

siding.    Submitted January 7, 1926.    (Docket No. 55.)    Decided March 20, 1926.

Assumpsit by Belle Wilson against school district No. 4, township of Ellington, for breach of a contract of employment.    Judgment for plaintiff on a directed verdict.    Defendant brings error.    Affirmed.

*James D. Brooker* and *H. P. Orr*, for appellant.

*H. H. Smith,* for appellee.

CLARK, J.    Plaintiff, a duly qualified school teacher, contracted, on March 10, 1923, to teach the school of school district No. 4 of the township of Ellington, Tuscola county, for a term of nine months, commencing on September 3, 1923, at $80 per month.    The contract was signed by the plaintiff and by all three members of the district board.    The school house burned.    Plaintiff reported to teach on September 3d, and later, and was ready to teach.    On October 5th, the district was consolidated with district No. 6 of the same township.    There is no evidence of the consolidation beyond the fact and the date.    We infer, from what is said in appellant's requests to charge, that it was under Act No. 45, Pub. Acts 1913 (2 Comp. Laws 1915, § 5766), as amended by Act No. 136, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 5766).    The new district is the defendant, district No. 4 of the township.    When school opened in the new district, plaintiff again reported for duty and was refused.    Another teacher had been hired.

On July 16, 1924, plaintiff brought this suit.    At the conclusion of proof, both sides requested a directed verdict.    Plaintiff had verdict and judgment for $720. Defendant, on error, earnestly urges and argues at length that because the former district No. 4, with which plaintiff had contracted, by the consolidation

"passed out of existence on the 5th day of October said contract became null and void."

This is answered by *Halbert* v. *School Districts*, 36 Mich. 421:

"Where one district is made up out of two entire districts, it is clear enough that it must succeed to their rights and liabilities."

and by *Brewer* v. *Palmer*, 13 Mich. 104. There two districts had been united into a single district under the provisions of section 2335, 1 Comp. Laws 1857, and it was held that the new district succeeded to the "liabilities of its parts," "that the debts of both districts and the credits of both" united "in the newly formed district."

That the damages might have been mitigated is a question not open on the record and not argued in the briefs.

Nothing will be gained by discussing other matters urged in appellant's brief. They have been examined. We find no error.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.