LOWDEN et al. v. LUTHER, County Treas.

No. 30256.   Dec. 23, 1941.

*120 P. 2d 359.*

32

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, all of Oklahoma City, and Rizley & Dale, of Guymon, for plaintiffs in error.

Geo. M. Frittz, County Atty., R. L. Howsley, Deputy County Atty., and Grester H. Lamar, all of Guymon, for defendant in error.

HURST, J. This is an action to recover taxes paid under protest. From a judgment for the defendant county treasurer, the plaintiffs appeal.

The material facts are these: On March 6, 1939, the board of county commissioners and county superintendent of Texas county entered an order, under authority conferred by section 6836, O. S. 1931, 70 O.S.A. § 772, dissolving school district No. 59, a common school district, and attaching part of its territory to independent school district No. 8 (Guymon) and the remainder to independent-consolidated school district No. 60 (Goodwell). All three districts are in Texas county. The ground for making such order, as stated therein, was that district No. 59 had an enumeration of less than eight persons of school age. District No. 59 had no bonded indebtedness, while both the other districts have. The order recited that it was made under authority contained in said section 6836, which reads as follows:

"If any school district has an enumeration of less than eight, or fails to support a school for one year, the county superintendent of public instruction and the board of county commissioners are hereby empowered to disorganize said district and attach the territory of said school district to adjoining school districts."

No election was held in either school district to authorize such action. The plaintiffs' line of railway ran through district No. 59, and tax levies to pay the bonded indebtedness, as well as current expenses, of districts Nos. 8 and 60 were extended against the property of the plaintiffs, formerly located in district No. 59, but which, after such order was made, was located in the two remaining districts. Plaintiffs in due time paid their taxes under protest and sued to recover them on the theory that said order is void. They argue that section 6836 was repealed by a subsequent law and that in any event it is violative of three different sections of our Constitution.

1. It is argued that section 6836 was repealed by implication by article 9, chapter 34, S. L. 1936-37, 70 O.S.A. § 182. Section 6836 authorizes the county commissioners and county superintendent to disorganize a school district when, for either or both of the two reasons named, they deem it uneconomic or inadvisable to maintain the district as a separate entity. It applies only to an entire district. The consent of the residents of the disorganized district is not, by the terms of the section, necessary to authorize the disorganization. The territory is to be attached to "adjoining school districts," and they may be other common school districts, consolidated districts, union graded districts, or independent districts.

The later act is an amendment of a prior section (chapter 219, art. 6. sec. 2, S. L. 1913, § 6860, O. S. 1931) found in the article on independent districts, and relates only to attaching territory to independent districts. It requires a petition of a "majority of the qualified electors" and the vote of "a majority of a special meeting of the legal voters" of the territory seeking to be attached to the independent district. The order of annexation is made by the county superintendent only, and the county commissioners have no duty in connection with the proceedings.

Thus it is seen that the two sections cover different situations and are not inconsistent, and it follows that section 6836 was not repealed by the later act. 59 C. J. 910, 919; 25 R.C.L. 918-922.

2. It is next contended that section 6836 is invalid because the subject matter covered by it was not embraced in the title to the act, chapter 97, S. L. 1919, as required by section 57, article 5, of the state Constitution. The title is as follows:

"An act relating to School Districts; to amend Section 34 of Article 5, Chapter 219, Session Laws of Oklahoma, 1913; also providing for filling vacancies in the office of Treasurer of the Board of Education in Cities; providing for filling a vacancy by Election in Independent School Districts having a population of over 25,000; abolishing representation from outlying portions of such School District, and declaring an emergency."

This court has many times considered said constitutional provision, and it is well settled that it is not to be applied technically so as to cripple legislation. The title may be general and need not contain an abstract of the contents of the bill, or specify or refer to every clause therein. It is sufficient if the contents are germane to the subject expressed in the title. See Oklahoma City v. Grigsby, 171 Okla. 23, 41 P. 2d 697; Dowell v. Board of Education, 185 Okla. 342, 91 P.2d 771; State ex rel. Oklahoma State Highway Commission v. Horn, 187 Okla. 605, 105 P. 2d 234; National Mutual Casualty Co. v. Briscoe, 188 Okla. 440, 109 P. 2d 1088.

The first sentence in the title is very general, and it seems clear that if the Legislature had stopped with that sentence it could not be seriously contended that the title was not broad enough to cover section 6836. Crawford v. Corporation Commission, 188 Okla. 101, 106 P. 2d 806; Prudential Ins. Co. v. Hill, 174 Okla. 33, 49 P. 2d 1067; Jefferson v. Toomer, 28 Okla. 658, 115 P. 793; In re County Com'rs, 22 Okla. 435, 98 P. 557; Bowman v. Cockrell, 6 Kan. 311. The question, then, is whether the fact that the Legislature, after stating in the first sentence of the title the subject covered in very general terms, proceeded to abstract some of the provisions but not the section in question, destroyed the effect of the general statement contained in the first sentence. We think not. The maxim that the expression of one thing is the exclusion of another is not applicable in construing a title to an act, and general expressions are not limited or restricted by a subsequent specification of details or particulars. Associated Industries of Oklahoma v. Industrial Welfare Commission, 185 Okla. 177, at 185, 90 P. 2d 899, at 909; Pure Oil Co. v. Oklahoma Tax Commission, 179 Okla. 479, 66 P. 2d 1097; 59 C. J. 810.

We conclude that the title to the act was sufficient to embrace section 6836.

3. Plaintiffs next contend that section 6836 is violative of section 26, art. 10, of the State Constitution in that it authorizes the county commissioners and county superintendent to make an order that has the effect of charging that part of the property in district No. 59 attached to district No. 8 with the pre-existing indebtedness of that district and that part of the property in district No. 59 attached to district No. 60 with the pre-existing indebtedness of that district, without a vote of the qualified electors residing in the annexed territory.

The general rule is that, except as limited by the Constitution, the Legislature has full power to provide by general law for the organization, consolidation, merger, change of boundaries, and dissolution of school districts, and it is not necessary that the districts affected give their consent to such action. Dowell v. Board of Ed., supra; Musick v. State, 185 Okla. 140, 90 P. 2d 631; School District v. Zediker, 4 Okla. 599, 47 P. 482; Southern Pac. Co. v. Pima County, 38 Ariz. 11, 296 P. 533; 56 C. J. 198, 199, 264; 24 R.C.L. 562; Dillon, Municipal Corp. (5th Ed.) § 355; McQuillin, Municipal Corp. (2d Ed.) § 284. Our Constitution contains no such restriction pertinent to the issues of this case.

Section 6836 makes no provisions for the payment of the debts of the districts affected. The parties call our attention to no statute applying to such a situation, and we know of none. In the absence of such a statute it is settled that the taxable property in the annexed territory is subject to taxation to pay its share of the pre-existing debts of the school district to which it is annexed. St. Louis-S. F. Ry. Co. v. Comanche County, 136 Okla. 265, 277 P. 932; School District No. 60 v. Crabtree, 146 Okla. 197, 294 P. 171; Mount Pleasant v. Beckwith, 100 U. S. 514; District of Columbia v. Cluss, 103 U. S. 705; Brewer v. Palmer, 13 Mich. 104; Thompson v. Abbott, 61 Mo. 176; Board of Education v. Board of Ed'n, 30 W. Va. 424, 4 S. E. 640; Wilson v. School District, 233 Mich. 581, 207 N. W. 810; Rapp v. Bethel-Tate School Dist., 58 Ohio App. 126, 16 N. E. 2d 224; 43 C. J. 143, § 123; 56 C. J. 271, note 85. And it seems clear, and we hold, that section 26, article 10, of the Constitution is not violated by subjecting the taxable property in the annexed territory to taxation to pay the pre-existing debts of the district to which it is annexed. St. Louis-S. F. Ry. Co. v. Comanche County, supra; Protest of St. Louis-S. F. Ry. Co., 164 Okla. 229, 23 P. 2d 699; True v. Davis, 133 Ill. 522, 22 N. E. 410, 6 L.R.A. 266; Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289; Board of Education v. Nelson, 268 Ky. 83, 103 S. W. 2d 691; Walker v. Bennett, 125 S. C. 389, 118 S. E. 779; Dillon, Municipal Corps. (5th Ed.) §§ 358-360; McQuillin, Municipal Corp. (2d Ed.) § 311.

4. It is finally argued that section 6836 is violative of the due process clause of both the State and Federal Constitutions. A similar contention was made in Dowell v. Board of Education, above, and was answered in the negative. See, also, the authorities cited under the third proposition above, and 56 C. J. 272, § 114; Dillon, Municipal Corps. (5th Ed.) § 355. The individuals residing in the school district have no property rights in the district. For the reasons stated in the cited authorities, we think this contention is untenable.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, and ARNOLD, JJ., concur. GIBSON, J., dissents. BAYLESS and DAVISON, JJ., absent.