373 P.2d 1017 (1962)
In re INITIATIVE PETITION NO. 271, STATE QUESTION NO. 408.
M.A. PRICE, John M. Rasberry, J.R. Hutchens and Roy Grimes, Appellants,
v.
William N. CHRISTIAN, Secretary of State of the State of Oklahoma, Appellee.
No. 40043.
Supreme Court of Oklahoma.
July 16, 1962.
Rehearing Denied July 23, 1962.
Allen & Williams, Chickasha, James A. Rinehart, El Reno, Hirsh & Harkins, Oklahoma City, for appellants.
Norman E. Reynolds, Jr., V.P. Crowe, John C. Moran, Oklahoma City, Dale J. Briggs, Tulsa, for appellee.
DAVISON, Justice.
This proceeding was commenced by M.C. Price, John M. Rasberry, J.R. Hutchens *1018 and Roy Grimes as protestants and appellants under the provisions of 34 O.S. 1961 § 8, to review the order of the Secretary of State declaring valid and sufficient Initiative Petition No. 271, State Question No. 408, which has for its purpose the amendment to the Constitution of Oklahoma relating to reapportionment of the State Legislature. The completed petition was filed with the Secretary of State December 27, 1961. The Secretary of State counted as valid 219,686 signatures. Only 135,472 legal signatures were necessary to validate the petition.
On March 20, 1962, the Secretary of State entered an order finding the petition sufficient. The petition was filed in this Court March 27, 1962, and was referred to a Referee of the Court March 28, 1962. The cause was set by the Referee for hearing on April 2, 1962, and at the request of the protestants was continued for 30 days, being set for May 2, 1962.
Protestants introduced evidence of certain irregularities affecting approximately 7,000 purported signers. The protestants then asked for a continuance and further continuance was denied by the Referee, whereupon protestants filed a motion for continuance with the Court which motion was set for oral argument on May 28, 1962. The Court denied any further continuances and directed that briefs be filed.
The Court finds that the protestants have failed to make any substantial showing that there could be any probable defect in sufficient signatures to invalidate the petition in so far as the required number of signers is concerned and finds that the petition contains in excess of 135,472 valid signatures, the required number for its sufficiency.
In its order to brief the Court authorized and directed submission of questions pointing out any defects in the petition other than the number of signers required.
Protestants have filed a brief and first argue that Initiative Petition No. 266, State Question 397, which was submitted in 1960 and defeated at a special election prevents the consideration and validity of the present petition because of the provisions of Art. 5, Section 6, of the Constitution of Oklahoma. That provision is as follows:
"Any measure rejected by the people, through the powers of the initiative and referendum, cannot be again proposed by the initiative within three years thereafter by less than twenty-five per centum of the legal voters."
If it is determined that the two measures are substantially the same there would then be insufficient signatures to validate the present petition because of the above constitutional limitation.
Protestants rely on Commonwealth ex rel. Margiotti, Atty. Gen. v. Lawrence, 326 Pa. 526, 193 A. 46. In Armstrong v. King, 281 Pa. 207, 126 A. 263, the Supreme Court of Pennsylvania in discussing the right to amend the constitution of that state held that no amendment of any nature could be presented within five years. In Commonwealth ex rel. Margiotti v. Lawrence, supra, the Supreme Court of Pennsylvania stated that since the amendment involved in Armstrong v. King, supra, and the former amendment involved increased the debt limit of the State of Pennsylvania the opinion was correct in its conclusion; but the Supreme Court modified the rule announced in Armstrong v. King and held that the five year limitation applied only to articles of the constitution similar in nature. Therein the court stated:
"* * * Thus understood it means that after a particular amendment, or amendments, has been once submitted another like amendment, or one similar in substance, to the same article cannot be proposed or submitted within five years. * * *"
The prohibition in the Pennsylvania Constitution and Art. 5, Sec. 6, supra, are different at least in the respect that our constitutional provision is against the resubmission of any measure and is not limited to constitutional provisions alone. We think that "measure" under our Constitution is to be viewed in a different light to *1019 that of the Pennsylvania provision. If the measure differs substantially as to form and purpose it is not the same measure. Initiative Petition No. 266, supra, had for its purpose a radical change in the provisions of our Constitution as to reapportionment.
Initiative Petition No. 266 differs from the present petition in a number of different details, some of the differences being, (1) that the former petition guaranteed each county a representative while the present petition does not make such a guarantee; (2) the former petition re-wrote and amended Sections 9, 9(a), 9(b) and 10 of Article 5, while the present petition does not make such amendments; (3) the former petition removed the limit of seven House members per county while the present petition retains the limit of seven members for any one county; (4) the former petition has the effect of creating a larger number of House members than does the present petition; (5) the present petition would create the vehicle for a larger number of Senators being elected while the former petition would limit the Senate to 48 members; (6) the former petition contains more than twice as many words as the present one; (7) the present petition restricts appeals to be perfected only by a qualified elector while under the former petition an appeal could be made by a citizen.
We are of the opinion and hold that the present initiative petition submits to the people a substantially different measure from that submitted by Initiative Petition No. 266, supra, and its submission is not prohibited or governed by Art. 5, Sec. 6, supra, of the Oklahoma Constitution.
Protestants next argue that the submission of the present initiative petition would be unconstitutional under Art. 24, Sec. 1, of the Oklahoma Constitution which provides that not more than one subject may be presented in a proposed amendment to the Constitution. We do not agree. The initiative petition embraces one general subject, the reapportionment of the legislature, as provided by the Constitution of the State of Oklahoma. All the other provisions, such as setting up a committee for its enforcement, are supplemental to the general purpose. No cases in point are cited by protestants on this issue. Reference is made to only two instances in which any subject other than reapportioning is treated. One is the provision for the committee consisting of the Attorney General, the Secretary of State and the State Treasurer, who shall reapportion under the provisions of the initiative petition and the provision on filing of candidates for legislative offices with the State Election Board instead of the Secretary of the Election Board. These are incidental to the general plan of reapportionment. The petitioners cite State v. Helmer, 169 Minn. 221, 211 N.W. 3. That case involved a restriction placed upon enactments by the legislature and involved an act of the legislature of Minnesota which changed the law relating to personal property. It is similar to the rule announced in Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938, involving the enactment of the Workmen's Compensation Act. In Rupe v. Shaw, Okl., 286 P.2d 1094, it is stated that this provision of the Constitution is to receive a liberal rather than a narrow or technical construction. It is a cardinal rule that such a restrictive provision shall not be so construed as to hamper and unreasonably restrict legislation. Coe v. State Election Board, 203 Okl. 356, 221 P.2d 774; Cornell v. McAlister, 121 Okl. 285, 249 P. 959. We therefore hold that the present petition submits only one general subject, the reapportionment of the legislature under the Constitution, and does not violate Art. 24, Sec. 1, of the Oklahoma Constitution.
A review of the entire petition discloses that it is sufficient as to form, sufficient under the law and contains sufficient valid signatures.
The petition is therefore declared sufficient.