WATERTOWN INDEPENDENT SCHOOL DISTRICT NO. 1 et al.,
Respondents
v.
CODINGTON COUNTY BOARD OF EDUCATION et al.,
Appellants

(159 N.W.2d 122)

(File No. 10488.  Opinion filed May 15, 1968)

**Gribbin & Burns** and **Thomas G. Ries,** Watertown, **Ralph Arneson,** Hayti, **Beardsley, Osheim & Wagner,** Watertown, for defendants and appellants.

**Austin, Hinderaker & Hackett,** Watertown, for plaintiffs and respondents.

ROBERTS, Judge.

This appeal presents the question whether property brought within the corporate limits of an independent school district by annexation is subject to taxation to discharge a bonded indebtedness of the independent school district previously incurred and existing at the time of annexation.

The facts are not in dispute. On August 25, 1964, Watertown Independent School District levied an "annual irrepealable ad valorem tax" on all of the taxable property in the district sufficient in amount to pay the principal and interest on bonds issued on October 1, 1964, in the total principal amount of $1,375,000 and the tax was spread in designated amounts each year through 1977. The unpaid portion of the bonded indebtedness was approximately $985,000 at the time of the annexation.

It appears that Lake Common School District of Codington County had not operated a school for more than two years and was by action of the County Board of Education of Codington County annexed to the Watertown Independent School District.[1] On August 8, 1966, the county board in making a distribution of liabilities and assets and adjustment between the districts affected declared that the adjustment was made on the basis that property within Lake Common School District was not to be taxed to pay a proportionate share of the bonded indebtedness of the district to which it was annexed and the minutes of the board contain the recital that "the mill levy for this (1966) and subsequent years of former Lake Common School District * * * is to be reduced the amount of the mill levy for bonded indebtedness of Watertown Independent School District No. 1." An appeal from this decision of the county board to the Circuit Court of Codington County was taken by the Watertown Independent School District.

On March 1, 1967, the Watertown Independent School District commenced an action against the county boards of education, the superintendents of schools and the county auditors of Codington and Hamlin Counties alleging the facts above set forth with respect to the annexation of Lake Common School District and the levy of an irrepealable tax to discharge the bonded indebtedness of plaintiff school district and that Thomas School District of Hamlin County by the joint action of the Codington and Hamlin County boards of education pursuant to a vote of the electors of that district was also annexed to the Watertown Independent District and praying for a declaratory judgment that property brought within the corporate limits of plaintiff district by the annexations is subject to taxation to discharge the bonded indebtedness of plaintiff district. There is no claim of other irregularities in the annexation proceedings.

The trial court upon motion consolidated the appeal from the decision of the county board and the action for declaratory judgment which involve a common question.

---

1. SDC 1960 Supp. 15.2018 as amended by Chap. 73, Laws 1963 provided that the "county board of education may attach any school district which has failed to operate a school during the preceding two school fiscal years to another school district or districts." Last amended by Chap. 40, Laws 1967.

This is an appeal from the judgment entered upon the findings of fact and conclusions of law in favor of the Watertown Independent School District. The judgment directs that an annual tax upon the property brought within the corporate limits of plaintiff school district by the annexations be levied to pay its proportion of the bonded indebtedness remaining unpaid.

The legislature of this state has enacted legislation prescribing a comprehensive procedure for the reorganization of school districts and alteration of boundaries. SDC 1960 Supp. 15.20. The pertinent part of SDC 1960 Supp. 15.2022[2] which established a procedure for the disposition of property, debts and liabilities of reorganized districts read as follows: "The county board of the county where a reorganization[3] of school districts takes place shall, after the change takes effect, order any equitable adjustment deemed advisable of any property, assets, debts, and liabilities of each district affected by such change. If the reorganization was authorized by an election, such adjustment must be performed as nearly as possible as prescribed in the master plan. * * *, **Nothing in this chapter shall be construed to authorize the transfer of the liabilities of existing bonded indebtedness from the district or territory against which it was originally incurred** (emphasis added). Should there be any preexisting bonded indebtedness outstanding against such district, the county board shall levy a tax annually on the real property that was formerly in said former district sufficient to pay the interest and principal on said pre-existing bonded indebtedness. * * *"

The general rule in the absence of constitutional or statutory provision to the contrary is that property brought within the corporate limits of a school district or other subdivision by annexation is subject to taxation to pay the existing bonded and other indebtedness of the district to which it is annexed. Barnes v. Kansas City, 359 Mo. 519, 222 S.W.2d 756, 10 A.L.R.2d 553; Wilcox v. County of Olmstead, 258 Minn. 281, 104 N.W.2d 297; Lowden v. Luther, 190 Okl. 31, 120 P.2d 359.

2. Amended by Chap. 42. Laws 1968, effective February 17, 1968.
3. SDC 1960 Supp. 15.2001 as Am. by Chap. 69, Laws 1961 provides:
 " 'Reorganization' shall mean and include the formation, consolidation, or subdivision of school districts." This amendment omitted from the definition the words "or any alteration whatsoever of school district boundaries."

Section 5, Article XIII, of the Constitution of this state provides that every "city * * * school district or any other subdivision incurring indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest and also the principal thereof when due, and all laws or ordinances providing for the payment of the interest or principal of any debt shall be irrepealable until such debt be paid." In Wilson v. Board of Education etc., 12 S.D. 535, 81 N.W. 952, this court holds that this constitutional provision is self-executing. The legislature recognizing this mandatory provision enacted a statute specifically providing for the collection of such an annual tax and that the same shall be irrepealable. SDC 1960 Supp. 15.2204 contains the following provisions: "At or before the issuing of any bonds the school board shall provide for the collection of an annual tax sufficient to pay the interest and principal thereof when due, for the entire term of years for which said bonds are to run, by proper resolution, copy of which shall be filed with the county auditor. All such levies when legally made shall be irrepealable until such debt shall be paid and shall be exclusive of the maximum levy provided for other school district funds * * *".

The legislature in the 1968 amendment of Section 15.2022, supra, for the purpose of clarification and consistency substituted for the provision that the county board levy an annual tax to pay interest and principal of an existing bonded indebtedness the mandatory requirement that "the county auditor shall continue the annual tax levy that was provided for the redemption of such bond issue."

We do not understand counsel to assert that any constitutional limitation would be infringed by the taxation of property brought into a school district by annexation to pay existing obligations including bonded indebtedness. It is the contention of plaintiff that its corporate entity was not changed by the annexation proceedings and that it has the authority to levy taxes including a sinking fund levy for payment of its bonds against all taxable property within its corporate limits in the manner and form provided by law.

■ The legislature has power, subject only to constitutional restrictions, to provide by statute for the apportionment, transfer or other adjustment of the rights and liabilities of school districts upon reorganization. Smithwick School District No. 6 v. Lincoln School Dist. No. 26, 37 S.D. 38, 156 N.W. 587. The legislature as above indicated enacted such a statute.

■ The first and most important rule of statutory construction is to determine and give effect to the intention of the legislature. Elfring v. Paterson, 66 S.D. 458, 285 N.W. 443. It is not uncommon for the legislature to include in a statute a direction governing its construction. With respect to Section 15.2022, supra, the legislature followed this course. The language therein to the effect that the statutes providing for reorganization of school districts shall not be construed to authorize the transfer of the liabilities of existing bonded indebtedness from the "district or territory" against which it was originally incurred has long been a part of the statutes of this state providing for the apportionment and adjustment of assets and liabilities of school districts upon their formation, consolidation or subdivision and has remained unchanged, appearing in § 4, Chap. 194, Laws 1913; § 7572 Rev.C.1919; § 202, Chap. 138, Laws 1931; SDC 15.2605.

■ The legislature having in mind where a district is dissolved or territory detached the continuing taxation of property therein for payment of an existing bonded indebtedness because of the irrepealable tax requirement of the constitution intended to prevent the apportionment, transfer or adjustment of such liabilities of districts or parts thereof. The contention that this restriction with respect to transfer of liabilities applies only to the bonded indebtedness of dissolved districts and not to the existing bonded indebtedness of the annexing district is untenable. The legislature considered not alone the liabilities of legal entities. The statute specifically applies to the transfer of the liabilities for payment of existing bonded indebtedness from a "district or territory". The property in the annexed areas is not taxable for the payment of the bonded indebtedness here involved.

The judgment appealed from is therefore reversed and the cause remanded for such further proceedings as may be necessary in harmony with this opinion.

All the Judges concur.