CHRISTIANS et al., Appellants
v.
GRANT CO. BD. OF EDUCATION et al., Respondents

(207 N.W.2d 213)

(File Nos. 11045 to 11048. Opinion filed May 9, 1973)

Loucks, Oviatt, Bradshaw & Green, Watertown, for appellants.

Leo P. Flynn, Milbank, for respondents.

PER CURIAM.

The several actions involved have been consolidated on appeal as they present the same basic issue arising out of school reorganization proceedings in Grant County. Appellants are residents and taxpayers of the former Grant Center Common School District in Grant County. They question the validity of resolutions adopted by the Grant County Board of Education imposing an "indemnity levy" on the former Grant Center School District.

On February 26, 1969, Grant Center, along with 21 other common school districts, was combined with the Milbank Independent School District. As part of these proceedings the County Board of Education adopted Resolution No. 10 on July 22, 1969, which imposed an "indemnity levy" of $12,500 per year

for 15 years on all property located within the former Grant Center Common School District. In a subsequent resolution, the County Board increased this levy to $15,000 per year for the 15 year period. In addition, the resolutions provided that all assets of the common school districts "shall become the property of the Milbank Independent District and the present liabilities of the original districts shall remain the obligation of these districts."

Appellants contend the "indemnity levy" is invalid as there is no constitutional or statutory authorization for its imposition. On the other hand the respondents urge, as the trial court held, that the following statute authorizes the tax levied by the County Board:

> SDCL 13-6-81. *"Tax to discharge liabilities of district dissolved in reorganization—Mill limitation—Bond issue.*—If the county board shall find that a school district, totally dissolved by reorganization, has an excess of total liabilities over its total assets, such county board may authorize a tax levy against the property located within the boundary of such former school district necessary to discharge the balance of liabilities. * * ."

This statute does not provide a means of equalizing assets among several different school districts which have been combined by reorganization. Its scope is limited and singular in nature. It merely authorizes a special tax levy against property located within a former school district which (1) has been totally dissolved by reorganization and (2) has an excess of total liabilities over its total assets which requires a tax levy to discharge the balance of such liabilities. As such, it has no application to the former Grant Center Common School District which had an excess of $10,000 over its total liabilities. Under the circumstances, the "indemnity levy" was unauthorized and was violative of Art. XI, § 8 of our Constitution which provides, in part, that "No tax shall be levied except in pursuance of a law".

When the Grant County schools were reorganized the Milbank Independent District had a bonded debt payable by an

annual irrepealable tax levy over a period of 15 years. It would be unfair, it is urged, to allow the newcomers from the common school districts to use the Milbank school facilities without compensation. Therefore, because of the disparity in the value of the respective school assets the "indemnity levy" was necessary. However, the greater assets of the Milbank Independent District did not create a "liability" of the former Grant Center District necessary to be discharged by a special levy. In Watertown Independent School District v. Thyen, 83 S.D. 309, 159 N.W.2d 122, it was held that property brought into an independent school district by annexation was not subject to taxation for the payment of the existing bonded indebtedness of the independent school district. By means of the "indemnity levy" the County Board has attempted to do indirectly what it could not do directly, i. e., extend the bonded debt obligation of the Milbank Independent District to property within the former common school districts.

Reversed.

DOYLE, J., absent and not participating.