REQUESTED BY: Ronald D. Lahners, Lancaster County Attorney.
Is property which is transferred from one school district to another subject to the annual levy to redeem bonds issued before such transfer by the district to which such property was transferred?
Yes.
Property which formerly was a part of the School District of Waverly has been annexed to the City of Lincoln, and is therefore automatically a part of the School District of Lincoln. At the time of the annexation the School District of Lincoln had bonds outstanding to be redeemed by annual levies against the taxable property in such district. Your question is whether this levy should be applied to the newly annexed property.
Section 10-711, R.R.S. 1943, requires the county board to levy annually on all taxable property in the school district a tax sufficient to pay the interest on such bonds, and to provide a sinking fund for their final redemption. This section, standing alone, would appear to give a clear and unequivocal answer to your question. However, section10-712 provides:
 "The phrase school district, as used in section 10-711, is hereby declared to mean the school district as it existed immediately prior to and at the time of the issuance of any bonds by said school district, including all lands, property and inhabitants contained in said school district at the time of the issuance of any bonds, and all portions of said district subsequently separated from said district, whether by the formation of a new district or by any change of boundaries of the original district."
This section appears to give a contrary answer, by permitting the argument that the newly annexed territory is not, for purposes of section 10-711, to be considered a part of the School District of Lincoln. Fortunately, the Nebraska Supreme Court has construed these two sections, and has decided what the true purpose and proper construction of section 10-712 is.
In Clother v. Maher, 15 Neb. 1, 16 N.W. 902 (1883), the court said:
 ". . . Although not very happily expressed, the design we think was merely to hold subsequently detached territory for the payment of such bonds, but not to exclude such as might be added to, nor property brought within the district afterwards."
The court also expressed doubt as to the constitutionality of a contrary construction, on the ground that the uniformity clause (now found in Article VIII, Section1, of the Nebraska Constitution) would require that all taxable property within the district when the levy was made, and only such, whether brought there before or after the bonds were issued, be taxed for their payment.
Apparently one of the reasons urged for not subjecting the newly annexed territory to the levy for the Lincoln School District bonds is that, pursuant to section 10-712, it remains subject to the Waverly School District bonds as well. The court in Clother considered this problem, and questioned the equity of having such territory subjected to both levies, but said that the solution lay with the Legislature, which could, perhaps, make a proportionate part of the debt of the district from which the territory was detached a charge upon the district to which the territory was detached a charge upon the district to which the territory was given. The Legislature, however, has not seen fit to follow the court's suggestion.
In two opinions of this office, dated October 14, 1950, Report of the Attorney General, 1949-1950, p. 945, and June 24, 1952, Report of the Attorney General, 1951-1952, p. 566, we have relied upon Clother v. Maher in holding that the annexed territory is liable for preexisting bonds of the annexing district.
Other jurisdictions appear to reach the same conclusion our court has, in the absence of specific statutory language to the contrary. In Lowden v. Luther, 190 Okla. 31,120 P.2d 359 (1941), the court said:
 "The parties call our attention to no statute applying to such a situation, and we know of none. In the absence of such a statute it is settled that the taxable property in the annexed territory is subject to taxation to pay its share of the preexisting debts of the school district to which it is annexed."
In Wilcox v. County of Olmsted, 258 Minn. 281,104 N.W.2d 297 (1960), we find the same situation as we have here, the annexed territory being still subject to assessment for the redemption of bonds of the old district from which it was detached. The court held it was also subject to assessment for the bonds of the new district, saying:
 "The property not only became a part of the City of Rochester, acquiring the many advantages that come with annexation by way of established public services and facilities, but became as well a part of School District No. 4, sharing in the benefits and burdens of the school district including levies for improvements not fully paid for at the time of annexation."
It is obvious that the answer to this problem cannot depend upon whether or not there are outstanding bonds in the old district for which the annexed property is still liable. In the first place, there is no statutory authorization for such a solution. Second, an attempt by the Legislature or anyone else to decide the question on that basis would lead to absolute chaos, because of the infinite variety of situations that would arise. There might, for example, be only an insignificant amount still owing on the bonds of the old district, as opposed to a large amount owing on the bonds of the new district, or vice versa.
Disregarding, therefore, the fact that the territory may be liable for Waverly School District bonds, we consider whether, as an equitable matter, it should be liable for the Lincoln School District Bonds. The bonds were issued for construction of school facilities in the district that inure to the benefit of the entire district, including the newly annexed territory. These facilities are, we presume, still in use. To exempt the newly annexed territory from any liability for the payment of the cost of these facilities would, in our opinion, be the height of inequity, and might raise the issue of lack of uniformity of taxation to which the court referred in Clother v. Maher.
We therefore adhere to our previous opinions, and are of the opinion that the levy for Lincoln School District bonds should be applied to the annexed territory.